THOMAS BASSETT KEYES, Admr.

*v.*

THE NORTHERN TRUST COMPANY *et al.*

*Opinion filed April 18, 1907—Rehearing denied June 6, 1907.*

1. TRUSTS—*court will not declare trust void for some possible future contingency.* A trust created by deed for the benefit of the grantor's daughter, which is to terminate when she reaches the age of twenty-one years or before that time in certain contingencies, will not be declared void because of the contingency that if the daughter died intestate and childless before the age of twenty-one years the disposition of the legal estate was to be governed by a power of appointment lodged in certain persons.

2. SAME—*when trust does not create a perpetuity.* A trust created by a deed for the benefit of the grantor's daughter, who is to take the legal estate when she is twenty-one years old, or if she dies before that age and leaves a will the property is to pass according to its terms, or if she leaves a child and no will the child is to take the property, but if she dies intestate and childless before the age of twenty-one then the legal estate is to vest in such persons, excluding the grantor's husband and his relatives, as certain named persons in the deed shall select, is not invalid as creating a perpetuity, and if neither the unlimited nor limited power of appointment is exercised, the trustee will hold under a resulting trust for the grantor's heirs-at-law.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

CHARLES R. WHITMAN, for appellant:

This is a private trust, and is not to be governed by principles which are applicable to public trusts or public charities. The certainty which the law requires to make a private bequest good is not required to make a bequest to public charity good. I Perry on Trusts, secs. 22, 66, 384; 3 Pomeroy's Eq. Jur. sec. 1018.

If no *cestui que trust* is named or so designated that he can be identified the court cannot carry a trust into effect, however clearly it may be created in other respects. I Perry on Trusts, sec. 95.

In express private trusts there is not only a certain trustee who holds the legal estate, but there is a certain specified *cestui que trust* clearly identified or made capable of identification by the terms of the instrument creating the trust. 3 Pomeroy's Eq. Jur. sec. 1018.

If the power to be executed is so uncertain as to its objects that a court of equity cannot say what particular person or persons or class of persons are to take an interest under it as a trust, it will be considered a mere power which cannot be carried into effect. I Perry on Trusts, sec. 253, note 3; *Holland* v. *Allcock*, 108 N. Y. 312; *Sheedy* v. *Roach*, 124 Mass. 472.

The objection that there is no certain beneficiary is not obviated by the existence of a power to select a beneficiary, unless the class of persons in whose favor the power may be exercised has been designated by the testator with such certainty that the court can ascertain who were the objects of the power. *Gross* v. *Moore*, 68 Hun, 412; *Heuser* v. *Harris*, 42 Ill. 425; *Mills* v. *Newberry*, 112 id. 123; *Hunt* v. *Fowler*, 120 id. 269; *Barnum* v. *Reed*, 136 id. 388; *Muller* v. *Balke*, 154 id. 110; *Guilfoil* v. *Arthur*, 158 id. 600; *Davis* v. *Stambaugh*, 163 id. 557; *Harris* v. *Ferguy*, 207 id. 534; *Orr* v. *Yates*, 209 id. 222.

The legal estate is vested, under the terms of the deed, in the trustee, terminable only when the equitable estate

vests. If the legal estate may stand in the trustee in perpetuity it will be in violation of the rule against perpetuities. *Bigelow* v. *Cady,* 171 Ill. 229.

If the contingent event can possibly happen beyond the limits of the rule against perpetuities, the interest conditional on it is invalid, as being too remote, although such event will probably happen within the rule. *Lawrence* v. *Smith,* 163 Ill. 149; *Bigelow* v. *Cady,* 171 id. 229; *Eldred* v. *Meek,* 183 id. 26; *Owsley* v. *Harrison,* 190 id. 235; *Pitzel* v. *Schneider,* 216 id. 87; *Schuknecht* v. *Schultz,* 212 id. 43.

The violation of the rule against perpetuities will not be tolerated when the property is covered by a trust, any more than when such violation appears in the creation of a legal estate. *Bigelow* v. *Cady,* 171 Ill. 229; *Pitzel* v. *Schneider,* 216 id. 87.

WILLIAM S. MILLER, and GEORGE W. GORDON, for appellees:

A conveyance to a trustee to pay the income to the grantor for life and upon the grantor's death to make other disposition of the trust property is valid. *Williams* v. *Evans,* 154 Ill. 98.

A consideration is unnecessary to support such a trust. 28 Am. & Eng. Ency. of Law, 889.

A power is the right or authority with which one person is invested to dispose of an estate the title to which is in another. Beach on Trusts and Trustees, sec. 261; 22 Am. & Eng. Ency. of Law, 1091.

No formal set of words is necessary in creating such a power. 22 Am. & Eng. Ency. of Law, 1093; Sugden on Powers, 101.

A conveyance in trust by which one person is entitled to the benefit of property for life, with remainder to such persons as may be appointed by a designated person or persons, is valid, and in case the power of appointment is exercised it will be enforced in favor of the appointees. Sugden

on Powers, 104; *Gilman* v. *Bell,* 99 Ill. 144; *Harvard College* v. *Balch,* 171 id. 275; *Foster* v. *Grey,* 96 Ill. App. 38; *Fairman* v. *Beal,* 14 Ill. 243.

It is not necessary that the person who has been given the power of appointment should have any beneficial interest in the property. *Hammond* v. *Croxton,* 70 N. E. Rep. 368; *Learned* v. *Tallmadge,* 26 Barb. 443; *Gilman* v. *Bell,* 99 Ill. 144; 22 Am. & Eng. Ency. of Law, 1091; 3 Pomeroy's Eq. Jur. sec. 1002, note.

It is only when the donee of a power fails to exercise the same that the further question arises as to whether or not any class of beneficiaries under the power has been sufficiently designated to enable a court of equity to itself exercise the power among such beneficiaries. Perry on Trusts, sec. 248.

There is a well recognized distinction between a simple power and a power in trust or trust power, which becomes important, however, only in case the donee of the power fails to execute the same. 3 Pomeroy's Eq. Jur. sec. 1002; Perry on Trusts, sec. 248; Beach on Trusts and Trustees, sec. 261.

Where property is bequeathed or devised in trust and the whole interest in the property is undisposed of by the will there is a resulting trust with respect to the portion undisposed of. 15 Am. & Eng. Ency. of Law, 1130.

A court will not defeat the clearly expressed intention of a testator (or donor) because a contingency may arise in the future which will render the trust uncertain. *Orr* v. *Yates,* 209 Ill. 222.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On August 12, 1902, Roberta Ethel Mary Chittenden had a husband, Roy Truman Chittenden, and a child, Roberta Elizabeth Edith Chittenden, then seven months old, and was possessed of a mortgage, shares of stock, cash, and a

contract for the purchase of a master's certificate of sale. On that day she executed the following trust deed:

"This indenture, made this 12th day of August, A. D. 1902, witnesseth: That I, Roberta Ethel Mary Chittenden, of Chicago, Illinois, hereby transfer, convey, assign and quit-claim unto The Northern Trust Company of Chicago, Illinois, as trustee, the following securities and property, to-wit: (1) A mortgage for ten thousand ($10,000) dollars (less interest due thereon August 24, 1902, which is to be paid to me); (2) twenty-five (25) shares United States Steel preferred stock, for which I paid $2265.63; (3) the sum of five thousand ($5000) dollars in cash from the money now on deposit to my credit in said The Northern Trust Company, my balance for July, as shown by July statement, being $5576.27; (4) all interest I may have in a certain contract for the purchase of the premises 7412 Princeton avenue, on which I have paid two hundred dollars ($200.) To have and to hold said securities and property subject to the following trusts and conditions:

"During the period of the trusteeship herein created said trustee shall manage, control and care for said property in accordance with its best judgment and discretion, and is fully authorized to sell and convey any of said property and re-invest the proceeds thereof, and also to carry out and complete the contract for purchase of 7412 Princeton avenue, above referred to. During my life said trustee shall pay me from the income and principal, if necessary, of said property, the sum of two hundred and fifty ($250) dollars per month, should I choose to draw that much; also my expenses to England, whenever I may go there. Immediately upon my death said trustee shall pay such debts and funeral expenses as are not paid, out of my remaining estate, and any balance of said trust funds that may be in the hands of my said trustee at the time of my death shall be paid as follows: One thousand ($1000) dollars shall be paid to my husband, Roy T. Chitten-

den, provided and whenever he legally transfers the custody of my child, Roberta Elizabeth Edith Chittenden, to a guardian for said child, selected under the terms of this instrument. I hereby name and appoint Mrs. Gerald Richardson, 23 Kelvinside Terrace, Glasgow, Scotland, and Mrs. S. J. Walford, Barnesley Park, Hill Moseley, near Birmingham, England, as guardians of the person of said child, and direct my said trustee to pay to them, or either of them, such sums out of the income and principal, if necessary, as they or either of them may notify said trustee are necessary for the comfortable support and maintenance and education of said child. In case of the death or refusal to act of one of said guardians, then the other one shall be sole guardian; and in case of the death or refusal to act of both of my said guardians after my death, they shall have the power to and are hereby directed to appoint· a guardian for my child, and in case they should die or refuse or ·fail to act before my death, then the guardian of my child shall be whatever person or persons I may appoint, such appointment to be evidenced by a written notice to said trustee. In case at any time a guardian should not be appointed under the terms aforesaid, said trustee is authorized to appoint and select such guardian, provided that such guardian shall not be my husband or any relation of his, and in case the guardian be any person other than the said Mrs. Walford and Mrs. Richardson, said trustee shall make payments to said or such guardian in the same manner that is above provided for payment to the said Mrs. Walford and Mrs. Richardson.

"In case my husband refuses to part with the custody of my said child, I direct that the income be allowed to accumulate and be added to the principal, inasmuch as my husband will necessarily support the child in such case, but even if the child remains in the custody of my husband, said The Northern Trust Company shall in its discretion use such portion of the income and principal as it may deem

best for the support and education of said child; provided such use is necessary, payments to be made to such child personally, if thought advisable.

"As soon as said child reaches the age of twenty-one (21) years, to-wit, on January 11, 1923, said trustee shall transfer and convey the remaining estate to said child, and this trust shall terminate. In case said child shall die before reaching the age of twenty-one years, leaving a child or children surviving or leaving a valid last will and testament, said trustee shall distribute said trust estate in accordance with the terms of said will or in equal portions to such surviving child or children; and in case of the death of my said child leaving no valid will and no child, then said trustee shall distribute said trust estate in accordance with the directions of the above mentioned Mrs. Richardson and Mrs. Walford, or the survivor of them, they to select as beneficiaries thereof such of my relatives or friends as they may deem most in need, except that neither my husband or his relatives shall be among such beneficiaries.

"Said trustee shall receive reasonable compensation for its services hereunder, and shall be allowed to employ such attorneys and agents as may be necessary to protect this trust and trust estate, and their compensation shall be paid out of said trust estate.

"In witness whereof I have hereunto set my hand and seal the day and year first above written.

ROBERTA ETHEL MARY CHITTENDEN.    (Seal.)"

The grantee, the Northern Trust Company, took possession of the property and executed the trust until the death of the grantor, which occurred on December 29, 1902, when she died intestate, leaving said husband and child surviving her. The appellant, Thomas Bassett Keyes, was appointed administrator of her estate. The surviving husband was appointed guardian of the child. The appellant then filed his bill of complaint in the superior court of Cook county against the Northern Trust Company, Roy Truman

Chittenden and Roberta Elizabeth Edith Chittenden, asking the court to set aside the deed of trust, to take an account of the transactions between the grantor in her lifetime and the grantee, and to adjust the rights in the property still in the possession of the Northern Trust Company. Roy Truman Chittenden by his answer admitted the case made by the bill, and claimed that as surviving husband he was entitled to a share of the estate under the Statute of Descent; and the infant, Roberta Elizabeth Edith Chittenden, answered by her guardian *ad litem.* The Northern Trust Company answered asserting the validity of the trust deed, and upon a hearing of the issues the superior court dismissed the bill, and the Appellate Court for the First District has affirmed the decree.

The position of appellant is stated by his counsel as follows: "That upon its face the said deed of trust was and is void, (1) because of uncertainty as to the objects of the trust; (2) because the scheme of the trust includes, as an essential and inseparable part, provisions which are void; (3) because the vesting of the equitable estate may come to rest upon powers of appointment which, if valid, may never be exercised, thus leaving the legal estate in the trustee in perpetuity, in violation of the rule against perpetuities."

The conveyance was in trust for certain specified purposes during the life of the grantor, and to that extent it was executed. The validity of the trust thus far is not questioned and it was undoubtedly valid. (*Williams* v. *Evans,* 154 Ill. 98.) After her death the child became the beneficiary of the trust. If the husband should transfer the legal custody of the child to a guardian selected under the terms of the trust deed, she is to be provided with comfortable support, maintenance and education. If the husband should refuse to part with the custody of the child the trust is to be for accumulation, except that the trustee, in its discretion, may devote such sum as may be necessary to the support and education of the child. The trust will come to an

end when the daughter reaches the age of twenty-one years, or before that time in certain contingencies. In no event can it last longer, and at that time she is to receive the balance of the trust estate absolutely. There is no uncertainty as to the objects of the trust, which are definitely stated in the deed of trust, and the first reason alleged is without force. .

Neither is the second reason, that the scheme of the trust includes, as an essential and inseparable part, provisions which are void, of any avail. There is no such connection between the trust for the benefit of the daughter and the contingency upon which the estate is to go elsewhere that they must stand or fall together. If she lives to be twenty-one years of age the contingency will not arise, and if the further provision were void it would not divest the equitable estate or destroy the valid trust for the daughter. (*Butler* v. *Huestis,* 68 Ill. 594; *Post* v. *Rohrbach,* 142 id. 600; *Howe* v. *Hodge,* 152 id. 252; *Nevitt* v. *Woodburn,* 190 id. 283; *Chapman* v. *Cheney,* 191 id. 574; Kales' Future Interests, sec. 183.) There is no present uncertainty as to the beneficiaries, and the only uncertainty alleged by counsel relates to the vesting of the estate at the end of the trust in case the daughter dies under twenty-one years of age, intestate and without a child, and a court will not declare a trust void because of some future contingency which will render the object of the trust uncertain. *Orr* v. *Yates,* 209 Ill. 222.

The argument against the validity of the trust is based on the claim that the deed of trust contains powers of appointment which are void under the rule against perpetuities, and which render the beneficiaries of the trust indefinite and uncertain. Those powers of appointment are not powers to designate the objects or beneficiaries of the trust, but are powers of appointment of the legal estate at the termination of the trust. If the daughter lives to be twenty-one years of age she takes the absolute legal estate. If she

dies before reaching that age, leaving a will, the trustee is to deliver up the estate according to the terms of the will, or in case no disposition is made by will, to deliver it to any surviving child or children. In case of the death of the daughter leaving no valid will and no child, the legal estate is to vest in such relatives or friends as Mrs. Richardson and Mrs. Walford, or the survivor of them, may select as being most in need, excluding the husband and his relatives. It is argued that the daughter may outlive the donees of the power and yet not reach the age of twenty-one years nor leave a valid will or surviving child or children, and the powers of appointment in the persons named may never be exercised, leaving the legal estate in the trustee in perpetuity. The existence of that power of appointment has no present effect whatever on the estate, and no estate is limited under the power unless it shall be exercised and the appointment made. (*Harvard College* v. *Balch,* 171 Ill. 275.) Unless the contingency of the death of the daughter under twenty-one years of age, leaving no valid will and no child or children, occurs, the power of appointment will not arise and the trust is in no way affected by it. Clearly, the power of appointment is not void as violating the rule against perpetuities, since the power must be exercised within the limits of the rule by persons in being when the deed of trust was executed. The daughter has an unlimited power of appointment of the estate by will, and in a certain contingency the other persons may have a limited power of appointment, but if neither of the powers is exercised the trustee will hold under a resulting trust for the heirs-at-law of the grantor.

Counsel says that it cannot be supposed that the grantor would have signed the deed in view of a possible reversion to her heirs, including her husband. Whether that is so or not we cannot say, but she did execute the instrument and it must be given its legal effect.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*