EMMA S. CONE, EXECUTRIX OF THE ESTATE OF IRVING H. CONE, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68034. Promulgated November 1, 1934.

*Claude I. Parker*, Esq., and *Ralph W. Smith*, Esq., for the petitioner.

*Eugene G. Smith*, Esq., for the respondent.

OPINION.

ADAMS: The petitioner seeks a redetermination of a proposed deficiency in estate tax of $571.15 against the estate of Irving H. Cone, deceased, under the Revenue Act of 1926.

The facts were presented by stipulation by the parties and are set forth in substance.

The petitioner, Emma S. Cone, is now, and ever since the 15th day of October 1930 has been, the duly appointed, qualified, and acting executrix of the estate of Irving H. Cone, deceased.

Evaline M. Kimball died on June 13, 1921, domiciled in Chicago, Illinois. Her will was probated in the State of Illinois, and it provided, among other things, as follows:

I give and bequeath unto The Northern Trust Company, a corporation organized under the laws of the State of Illinois, located at Chicago, as Trustee * * *

\* \* \* \* \* \* \* \*

(b) The sum of $200,000.00, to be held in trust by said The Northern Trust Company during the life of my brother, Irving H. Cone, now residing at Corona, California, paying to him the entire net income from said trust fund during his life, and upon his death distributing the principal thereof in accordance with the provisions of his Last Will and Testament, or, in case he fails to provide for such distribution by his Last Will and Testament, then to his descendants who may survive him, per stirpes and not per capita; and in case he leaves no descendant surviving, then to such persons as would inherit his personal property under the present laws of descent of the State of Illinois.

Irving H. Cone, the brother named in the will of Evaline M. Kimball, died September 14, 1930, domiciled in Los Angeles County, State of California, leaving a will as set forth in paragraph 5 of the stipulation of facts. The only distributing clause of the will is the second paragraph thereof, which reads as follows:

Secondly: All of the rest and residue of my estate, personal, real and mixed, wherever situated, I give, devise and bequeath to my beloved wife, Emma S. Cone.

Subsequent to the death of Irving H. Cone, the Northern Trust Co., trustee under the aforesaid portion of the will of Evaline M. Kimball, delivered to Emma S. Cone all the property referred to in the aforesaid portion of the will of Evaline M. Kimball which it then held pursuant to the trust created in her will. The trust property referred to in Evaline M. Kimball's will had, at all times subsequent to the decease of Evaline M. Kimball and prior to its delivery to Emma S. Cone, remained in the State of Illinois. The Northern Trust Co. was and is a corporation, organized under the laws of the State of Illinois, and located and domiciled in Chicago, Illinois. At no time was the trust property physically present in the State of California until it was distributed by the Northern Trust Co. to Emma S. Cone; nor was the trust property, which was subject to the power of appointment as provided in the Kimball will, included in nor did it become a part of Irving H. Cone's estate, as probated in the State of California.

Emma S. Cone is the widow of Irving H. Cone and is the same person mentioned in the will of Irving H. Cone, deceased.

In the amended petition filed with the Board on March 3, 1933, it is alleged, among other things, that the decedent was granted a power of appointment over the corpus of the said trust, and that the decedent, Irving H. Cone, did not at any time during his life, or by his last will, exercise this power of appointment. That, by reason of his failure to exercise the power, the trust fund, upon his death, passed to his widow, she being his sole heir at law under the laws of the State of Illinois.

The second question relates to a claimed deduction for miscellaneous administration expenses in the amount of $15,034.32. Of this amount, the sum of $134.32 was allowed as a deduction in determining the deficiency tax. The balance of $14,900 was disallowed for the reason that the expense had been neither incurred nor paid.

In the amended petition, it is alleged that incident to the termination of said trust, and the vesting of the corpus thereof in Emma S. Cone, beneficiary and widow, the inheritance tax department of the State of Illinois authorized as a deduction for expenses incident to the trust the sum of $15,000, which sum had been audited and allowed by the inheritance tax department of the State of Illinois, and this sum it is alleged is a fair deduction in the premises.

This allegation is denied in the respondent's answer. No evidence with respect to this item has been produced by the petitioner.

The principal question in this case is whether or not the value of certain property over which the decedent held a power of appointment should be included as part of decedent's gross estate.

The applicable sections of the Revenue Act of 1926 provide as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, \* \* \*

SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to property \* \* \* as are allowed by the laws of the jurisdiction \* \* \* under which the estate is being administered \* \* \*.

The parties agree that the power given the decedent under the will of Evaline M. Kimball was a general power of appointment, and that the question here must be determined under the law of the State of Illinois. Thus, the issue as to whether respondent erred in

518

including the trust fund in decedent's estate is narrowed to the question as to whether the decedent exercised the power of appointment given him by Evaline M. Kimball over the property bequeathed to the Northern Trust Co. in trust under the law of the State of Illinois.

An examination of the law of the State of Illinois leads us to the conclusion that it is the settled doctrine in that state that there must be within the instrument claimed to be the exercise of the power of appointment a manifest intent to exercise such power. This intent may appear either from a direct reference to the power of appointment or from a direct reference to the property embraced in the power of appointment, or it may appear from the fact the instrument would be inoperative without the exercise of the power.

In *Funk* v. *Eggleston*, 92 Ill. 515, it was held the power of appointment is exercised when the intention to exercise it is made clear and manifest. In arriving at that conclusion, the court reviewed many English and American cases, among the number being *Blagge* v. *Miles*, 1 Story, 427, from which opinion the following language was quoted:

Mr. Justice Story, * * * speaking in regard to the execution of powers by last wills and testaments, says: "The main point is, to arrive at the intention and object of the donee of the power in the instrument of execution; and, that being once ascertained, effect is given to it accordingly. * * * if the donee of the power intends to execute, and the mode be, in other respects, unexceptionable, that intention, however manifested, whether directly or indirectly, positively or just by implication, will make the execution valid and operative. *I agree, that the intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation. If it be doubtful, under all the circumstances, then that doubt will prevent it from being deemed an execution of the power* * * *."* [Italics supplied.]

The court said further:

We prefer, then, to follow the broad and liberal rule announced by Lord Coke in Scope's case and by Mr. Justice Story in the *Blagge* v. *Miles* case, and that is based upon principal, and thus carry into effect the intention of the testatrix rather than to defeat such intention by following the narrow and technical rule predicated upon the cases.

From that holding, it appears there must be an intention to exercise the power so apparent and clear that the transaction is not fairly susceptible of any other interpretation and if there be well founded doubt that the decedent intended to exercise the power, that doubt should be resolved in favor of a nonexecution of the power.

Our attention is called to *Harvard College* v. *Balch*, 171 Ill. 275. In that case Joseph M. Moriarty devised property to a trustee to pay the income to his uncle, Charles Lowell Hancock, and at his decease to such person as he should direct. Charles Lowell Hancock died leaving a will, which did not mention the power granted him under the will of Joseph M. Moriarty, nor did he mention the prop-

erty; but his will had the usual residuary clause. The Illinois court held that the residuary clause was not a good exercise of the power because no intent to exercise the power and no mention of the power or of the property appears in it. The court cited *Funk* v. *Eggleston, supra*, among other authorities.

We think that, " In the absence of a statute the general rule is that a power of appointment is not executed by a residuary clause in the will of the donee unless an intent to exercise the power clearly appears from the will."

Under these authorities, we conclude that the residuary clause in the will of Irving H. Cone, deceased, was not such an exercise of the general power of appointment granted him in the will of Evaline M. Kimball as to make the trust estate a part of the gross estate of the deceased Irving H. Cone.

Petitioner undertakes in his brief to distinguish recent holdings of the Board of Tax Appeals from this case. We have examined those cases—among the number being *Old Colony Trust Co., Executor of Minot*, 29 B. T. A. 677; *J. Gilmore Fletcher, Executor*, 29 B. T. A. 503, and other cases. Each of them is distinguishable from this case, as is conceded by the respondent on brief.

As to the deduction item claimed by the petitioner, no proof has been offered as to it, and, the determination of the respondent being presumed to be correct as to this item, the respondent's determination is affirmed.

Reviewed by the Board.

*Decision will be entered under Rule 50.*