## In the Matter of the Estate of Robert H. Law, Deceased.

### Elizabeth A. Ware, Claimant, Appellee, v. Mary L. Law, Executrix, Appellant.

### Gen. No. 24,691.

1.  EXECUTORS AND ADMINISTRATORS, § 543*—*how far order approving administrator's account conclusive.* The order of a Probate Court, in an estate in which one of the two administrators filed a sworn partnership inventory, in which he, as sole surviving partner, claimed an interest in the partnership property, and in which the administrators were heirs, approving the final report and account was conclusive on the rights of the surviving partner and may not be collaterally attacked by the other heir, in proceedings to enforce a claim against his estate for conversion of partnership assets.

2.  FRAUD, § 47*—*when laches inapplicable.* Where a cause of action arises from fraud, laches will not apply in equity until the discovery of the fraud or until the fraud could have been discovered by the exercise of reasonable diligence.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. FRAUD, § 33*—*when failure to discover fraud excused.* The failure to exercise diligence to discover fraud is excused where there is a relation of trust and confidence existing, such as between co-administrators who are also coheirs, which renders it the duty of the party committing the fraud to disclose the truth to the other.

4. WITNESSES, § 132*—*what testimony incompetent against personal representative.* In proceedings by an heir against the estate of another heir to enforce a claim for fraud in conduct of a partnership in which the latter heir was interested with his father, and of whom he and claimant were heirs, and in which the issue was the perpetration of fraud by the latter heir upon claimant, evidence of claimant that she first became apprised of the fact that she had a claim against her brother, the latter heir, when she was informed thereof by her counsel some time after her brother's death, as bearing upon the question of applicability of the statute of limitations and relating to the question of laches, was incompetent as against the executrix of the latter heir, under section 2, ch. 51, Rev. St. (J. & A. ¶ 5519), as relating to facts occurring and existing during the lifetime of such latter heir.

Appeal from the Circuit Court of Cook county; the Hon. GEORGE F. BARRETT, Judge, presiding. Heard in this court at the October term, 1918. Reversed. Opinion filed April 7, 1919. *Certiorari* denied by Supreme Court (making opinion final).

HOLT, CUTTING & SIDLEY, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

This is an appeal by Mary L. Law, executrix, from a judgment of the Circuit Court of Cook county, in favor of Elizabeth A. Ware.

Robert Law died February 24, 1898. On March 4, 1898, said Elizabeth A. Ware and Robert H. Law, deceased's children and only heirs, were appointed administrators of his estate. About March 25, 1898, as administrators, they filed a joint inventory of all the estate of said Robert Law, which inventory was approved by the Probate Court of Cook county on July 25, 1898. Robert H. Law, on July 26, 1898, filed in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Probate Court in said estate a sworn partnership inventory in which he, as sole surviving partner in the firm of Robert Law & Company, stated that Robert Law, deceased, had a two-thirds interest and that he, said Robert H. Law, had a one-third interest in said copartnership. This inventory was approved by the Probate Court July 26, 1898. On the same day, Robert H. Law filed another partnership inventory in which he claimed that he, Robert H. Law, and deceased, Robert Law, had each a one-half interest in a business conducted under the name of Robert Law. This inventory was approved on the same day, July 26, 1898. On April 20, 1900, a final report and account sworn to by Robert H. Law and Elizabeth A. Ware, as administrators of the estate of Robert Law, deceased, was approved by the Probate Court and thereafter on the same day said administrators were discharged as such by order of the court.

Robert H. Law died testate on May 14, 1915, leaving him surviving Mary L. Law, his widow, and Elizabeth A. Ware, his sister, his only heirs at law and next of kin. Mary L. Law was named in the will as sole legatee and devisee and she was duly appointed executrix of said last-mentioned estate. A bill was filed by Elizabeth A. Ware in the Superior Court of Cook county to contest this will. The present claim is based on charges that Robert H. Law, a surviving partner, had converted to his own use $2,547.24, which should have been paid to complainant by him; and that he had improperly converted to his own use three-fourths of the partnership assets of the business conducted under the name of Robert Law & Company, and that he, Robert H. Law, had falsely represented to complainant that he was the owner of a one-half interest in the property of the alleged firm of Robert Law.

Elizabeth A. Ware on April 24, 1916, filed in the Probate Court of Cook county a claim against the estate of Robert H. Law, deceased, in which she as-

serted that the estate of Robert H. Law, deceased, was indebted to her in a large sum. On March 21, 1917, the Probate Court disallowed the claim, but upon appeal of the cause to the Circuit Court of Cook county the claim was allowed for a total sum of $131,594.64. The executrix, Mary L. Law, by her appeal to this court seeks to reverse the order allowing the claim.

Much evidence was introduced on the trial on the issue presented as to whether the deceased, Robert H. Law, in fraud of the rights of claimant had falsely represented his partnership interest in a hard-coal business conducted by deceased, Robert Law, under the name of "Robert Law," and much argument is presented in the briefs of counsel in this court on this question. In the view we take, however, of the law applicable to the case, it will not be necessary to determine this much disputed question of fact.

It is insisted for Mary L. Law, executrix, that the Probate Court in the matter of the settlement of estates of deceased persons is a court of superior, though limited, jurisdiction, and that its order approving the final report and account of the administrators of the estate of Robert Law, deceased, was final and conclusive of the rights of Elizabeth A. Ware, one of the administrators of said estate; that the proceedings in the estate of Robert Law, deceased, were *in rem* and were binding not only upon the parties but on all the world. The administrators of the estate of Robert Law, deceased, one of whom was Elizabeth A. Ware, the claimant, in their final report and account, which was approved by the Probate Court, said:

"That said decedent was, during his lifetime, a member of the respective co-partnerships of Robert Law and of Robert Law & Company. That said Robert Law, deceased, held a one-half interest in the co-partnership known as Robert Law and held a two-third's interest in the co-partnership known as Robert Law & Company."

The order approving the final account and report

was entered of record on the 20th day of April, 1900, and the claim of Elizabeth A. Ware against the estate of Robert H. Law, deceased, was filed on April 24, 1916, about 16 years after the estate of Robert Law, deceased, had been finally settled and the administrators discharged.

The questions of the partnership interest in the alleged business conducted, at least in part, by Robert Law, deceased, were clearly before the Probate Court for adjudication.

In the case of *Starr v. Willoughby*, 218 Ill. 485, an executor failed, before his discharge as such, to sell certain real estate as directed by the will, and it was held that the discharge of the executor did not revoke the power given to him by the will to make the sale.

In *Riverside Co. v. Townshend*, 120 Ill. 9, it was held in effect that where a fact is not essential to the validity of a judgment or is not controlled in the decision of a case it is not *res judicata* in a subsequent suit between different parties.

In the instant case, however, the interest of Robert Law, deceased, in the business conducted, at least in part by him, was determined by the Probate Court, and the determination of this fact was the necessary consequence of the official conduct of the claimant herself, who signed and swore to the final report and account as an administrator of the estate. She insists that by the improper conduct of her coadministrator she was defrauded, as heir of Robert Law, of a large interest in his estate. She did not, however, see fit to move to set aside the adjudication of the Probate Court for the alleged fraud by action in that court in the estate of Robert Law, deceased. She sought her remedy by filing a claim against the estate of Robert H. Law, deceased, some months after his death and 18 years after the death of Robert Law.

The interesting question presented to this court is whether the adjudication of the Probate Court as to the interests in the partnership property inventoried

in that court can be set aside by an order entered in another and different estate. We are inclined to the view that it cannot.

In *Mosier v. Osborn*, 284 Ill. 141, it was held that:

"The administration of an estate in the Probate Court is not an action between party and party but is in the nature of a proceeding *in rem* acting directly on the *res*, which is the estate of the deceased. If the court has jurisdiction of the estate and the jurisdiction is properly invoked the decree of distribution is a judgment *in rem*, which conclusively determines the rights of all parties interested just as fully as a decree in admiralty or any other court."

In that case it was held, in effect, that a decree rendered against a party who is beyond the limits of a State, upon a constructive notice, could effect property within the jurisdiction of the court, and that an order entered in the final settlement of the estate would upon constructive notice bind such party as to his interest in personal property.

In the case at bar the claimant's, Elizabeth A. Ware's, interest as heir in the estate of her deceased father was directly before the Probate Court for adjudication, and this includes her interest in the inventoried partnership property. She was before the Probate Court as heir and as an administrator of the estate, and on the record made in that estate it appears that she was not only a party to the proceedings, but that the order which fixed the interests in the partnership property was brought about quite as much by her act and conduct as by that of her brother, Robert H. Law, deceased.

It is urged that the question as to whether a partnership estate existed was "not presented, involved, considered or decided by the Probate Court"; that this question was not material to any issue raised in that court and that Robert H. Law and Elizabeth A. Ware could not be considered as occupying adversary positions in that court. We are unable to agree with this

contention. The partnership estate, whatever the quality or the interest therein of deceased Robert Law or his son, was dirctly before that court for adjudication.

In *O'Connell v. Chicago Terminal Transfer R. Co.,* 184 Ill. 308, it was held:

"Every person is privy to a judgment or decree, who has succeeded to an estate or interest held by one who was a party to such judgment or decree, which succession takes place after the bringing of the action."

It was also held in that case that it made no difference as to the binding force of a decree as against parties or privies thereto whether the decree was entered by consent or otherwise. The court there said: "Even if entered by consent of the village, it was binding upon those who are in privity with the village."

Our conclusion is that the order of the Probate Court entered in the estate of Robert Law, deceased, was conclusive as to the rights of deceased in the partnership properties inventoried in said estate; that the order of the Probate Court adjudicating such rights is of binding force as against Elizabeth A. Ware, the claimant, and that it is not permissible for her to attack such order in a collateral proceeding.

It is also urged that the claim of Elizabeth A. Ware against the estate of her deceased brother, Robert H. Law, is barred by the statute of limitations. In considering this question, it should be borne in mind that the claimant and Robert H. Law, deceased, were co-administrators of the estate of Robert Law, deceased, and that they were the only heirs at law of said deceased. We think, therefore, that there is merit in the contention that each in a sense bore the relationship of trustee towards the other.

In the case of *Voorhees v. Campbell,* 275 Ill. 292, it was held:

"It is insisted, however, that the cause of action is barred by the laches of plaintiff in error. Where a cause of action arises from fraud, laches will not apply

in equity until the discovery of the fraud or until the fraud could have been discovered by the exercise of reasonable diligence. The failure to use diligence is excused where there is a relation of trust and confidence which renders it the duty of the party committing the fraud to disclose the truth to the other. (*Farwell v. Great Western Tel. Co.*, 161 Ill. 522; *Penn v. Fogler*, 182 Ill. 76.) There being here a relation of trust and confidence, the duty to exercise reasonable diligence to discover the fraud did not rest upon plaintiff in error, and it does not appear that he was in possession of all the facts relative to the fraud which had been practiced upon him until the institution of this suit.''

If it can be said that the evidence shows that Robert H. Law, deceased, prior to his death bore the relationship of trustee towards the complainant, then under the holding in the *Voorhees v. Campbell* case, *supra*, her failure to use diligence, if such be the fact, would be excused. If it can be held that she was required to exercise due diligence to discover the alleged fraud, then the statute of limitations would begin to run against her from the time that the evidence shows that she knew, or that she might by the use of diligence have discovered, the alleged fraud. *Ater v. Smith*, 245 Ill. 57. It is our opinion, however, that, whatever the law of this question may be, the issue of her knowledge or diligence to discover the fraud was, on the record before us, a question for the determination of the chancellor, and that the evidence admitted is of such character that we do not feel called upon to interfere with his conclusion thereon.

It is also contended that the court erred in admitting certain testimony of the claimant. The witness, over objection, testified that she first became apprised of the fact that she had a claim against her brother arising out of the adjudication of the partnership interest in the estate of Robert Law, deceased, when she was informed thereof by her counsel some time after her

brother's death. It is contended that her testimony was incompetent as against the executrix of her deceased brother's will, under section 2, chapter 51, of the Revised Statutes of Illinois. (J. & A. ¶ 5519); that such testimony was inadmissible because it relates to facts which occurred and existed during the lifetime of Robert H. Law. We are inclined to agree with this contention. The only exception made under the statute to the inadmissibility of the testimony of a party directly interested in the event of a civil action, where the adverse party sues or defends as an executor, administrator, etc., is provided for in the following sentence of the statute:

"But in any such action, suit or proceeding a party or interested person may testify to facts occurring after the death of the deceased person."

This testimony was material on the question raised as to the application of the statute of limitations. The testimony is in its inherent quality self-serving in character. The main fact in issue was whether claimant's deceased brother had imposed a fraud upon her. Whether he did so act was a question concerning a fact existing prior to his death. As we understand the law, the evidence showing that a relationship of trust and confidence existed between claimant and her deceased brother, it would not be incumbent upon her in a proper proceeding to prove when she acquired knowledge of the fraud, in the absence of evidence tending to prove that she acquired such knowledge at some time prior to the death of her brother. *Voorhees v. Campbell, supra.*

The evidence of the witness was not in rebuttal or denial of any specific evidence introduced on the trial. It was not a part of the *res gestæ* of the case.

The purpose of the questions put to the witness was to elicit a statement from her concerning the state of her mind as it was both before and after the death of her brother, and she testified that she was in ignorance of the alleged fraud until her counsel informed her of

it after the death of her brother. Testimony as to the state of the witness' mind prior to the death of her brother referred to a fact existing before his death, and it was not permissible for her to testify concerning a fact so existing. The materiality of the evidence concerns the question of the applicability of the statute of limitations and involves a consideration of the question as to whether the witness had been guilty of laches.

In view of what has been said in the Supreme Court in the *Voorhees v. Campbell* case, *supra,* we are not certain that the error, if it was such, was so serious as to warrant a reversal of the judgment. We think, however, that this testimony should have been excluded. *Telford v. Howell,* 220 Ill. 52. The material question in this connection was not as to when the claimant first discovered the alleged fraud, but whether she had been guilty of laches in failing to discover it during the many years preceding the filing of her claim in her deceased brother's estate. But whatever may be held to be the law as to this question, it is our opinion that the judgment of the Circuit Court should be reversed for the reason that the approval of the final report and account of the administrators of the estate of Robert Law, deceased, cannot be attacked by one of such administrators in a collateral proceeding.

The judgment of the Circuit Court of Cook county will be reversed.

*Reversed.*