James Storkan, Successor Trustee Under Trust Agreement Made by John Kralovec, Appellee, v. John James Ziska et al., Defendants.
Appeal of John James Ziska, Appellant.

Gen. No. 44,774.

586

Opinion filed October 26, 1949.   Rehearing denied November 9, 1949.   Released for publication November 10, 1949.

WISCH, CRANE & COTTER, of Chicago, for appellant; MYRON E. WISCH, WILLIAM M. JAMES and BENJAMIN B. CRANE, all of Chicago, of counsel.

JAROS & TITTLE, of Chicago, for appellee; VERNON TITTLE, of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Defendant John James Ziska appeals from a decree construing a trust agreement involving personal property. The pertinent provisions of the trust agreement in controversy read as follows:

"This Agreement, made this Eighth day of February, A.D. 1927 between John Kralovec, of the City of Chicago, County of Cook and State of Illinois, party of the first part, and Kaspar American State Bank, a corporation duly organized and existing under the laws of the State of Illinois, having its office in the City of Chicago, party of the second part:

The said party of the first part, for and in consideration of One Dollar ($1.00), and other good and valuable considerations to him in hand paid, the receipt whereof is hereby acknowledged, does by these presents transfer, assign and deliver to said party of the second part, as trustee, the following, to-wit: Three hundred shares of stock of the Atlas Brewing Company, to have and to hold the said property in trust for the uses and purposes and upon the terms in this agreement set forth.

The income from said trust estate shall be paid over to said John Kralovec for and during the period of his natural life, or to such person or persons as he shall from time to time direct, and after the death of said John Kralovec the net income from said trust fund shall be paid over to five of his children, namely: Marie E. Storkan, Otto J. Kralovec, Emil G. Kralovec, Adela K. Ziska and Robert J. Kralovec, to be divided between them in equal shares.

Said trustee shall have full power and authority to sell said Three Hundred (300) shares of stock only in the event that the entire three hundred shares of stock are sold and only with the consent in writing of all of the five beneficiaries, namely: Marie E. Storkan, Otto J. Kralovec, Emil G. Kralovec, Adela K. Ziska and Robert J. Kralovec, or the survivors of them; it being the intention that a portion of said shares of stock cannot be sold, but only the entire three hundred shares can be sold in bulk and only with the consent of all of the five beneficiaries or the survivors of them, and the proceeds derived from the sale of said shares of stock shall be divided in equal shares among said

Marie E. Storkan, Otto J. Kralovec, Emil G. Kralovec, Adela K. Ziska and Robert J. Kralovec, and in no case shall any party dealing with said trustee in relation to said property, or to whom said property shall be sold by said trustee, be obliged to see to the application of the purchase money.

In the event that said shares of stock are not sold within the period of twenty-one years after the death of said John Kralovec then upon the expiration of said twenty-one years the trust hereby created shall terminate and the said trustee shall divide said shares of stock among said Marie E. Storkan, Otto J. Kralovec, Emil G. Kralovec, Adela K. Ziska, and Robert J. Kralovec in equal shares. And in case of the death of any of said children, then such shares coming to such deceased child or children shall descend to the heirs of such deceased child or children.''

The essential facts are undisputed. February 27, 1931, the settlor, John Kralovec died. Afterwards plaintiff was appointed successor trustee. June 17, 1940, Adela K. Ziska, one of the beneficiaries named in the trust, died testate leaving all her property to her brothers, Otto J. Kralovec, Emil G. Kralovec and Robert J. Kralovec, and her son John James Ziska, in equal shares.

At the time of her death Adela K. Ziska was divorced. She left her surviving her sons John James Ziska and Richard E. Ziska. Richard E. Ziska, a bachelor, died March 1, 1948.

May 1, 1948, the Atlas Brewing Company declared a dividend on the stock referred to in the trust agreement, amounting to $30,000. This sum was equally distributed among all beneficiaries named in the trust agreement except the share of Adela K. Ziska.

The record shows that the executor of the estate of Adela K. Ziska, deceased, filed an inventory in the probate court of Cook county listing 12,000 shares of the stock of the Atlas Brewing Company as an asset

of the estate. Afterwards, upon leave of court, the executor filed an amended inventory stating that the 12,000 shares of Brewing Company stock did not belong to the deceased but were "held in trust for her by James Storkan, trustee." Thereafter an order was entered by the probate court in the estate of Adela K. Ziska finding that the shares of stock were not an asset of the estate.

The decree here appealed from finds that upon the death of John Kralovec, the settlor, the interests of the named beneficiaries were to become vested equitable interests and subject to disposition by the respective beneficiaries by assignment *inter vivos* or by last will and testament, and that the same construction also applies,

(1) To the distribution of income of the trust estate;

(2) To the distribution of the proceeds of the sale if stock comprising the corpus of the trust estate is sold; and

(3) To the distribution of the corpus of the trust estate at the termination of the trust.

The principal question presented is whether the interest of the named beneficiaries is vested or contingent. Defendant argues that the language of the trust agreement clearly manifests an intention of the settlor to postpone the vesting of the trust until the period fixed for distribution and that the persons who might be eligible to receive the trust property are not ascertainable until the time fixed for distribution.

Remainders will not be held contingent unless the intention to create such interest clearly appears from the words of the will or other instrument, and the law favors a construction which vests an absolute estate rather than a contingent or defeasible one. (*Peadro v. Peadro,* 400 Ill. 482; *Murphy v. Westhoff,* 386 Ill. 136.) The immediate right of present enjoyment is not essential to a vested remainder. It

is sufficient if there is a present and fixed right of future enjoyment. (*Knight v. Pottgieser*, 176 Ill. 368.) A contingent remainder is one limited to take effect either as to an uncertain person or upon an uncertain event. (*Carter v. Carter*, 234 Ill. 507.) In the present case all the beneficiaries were mentioned by name in the trust agreement and were in being at the time of its execution. There was no uncertainty as to the persons who should take the remainder, nor was there any uncertainty as to the time, since the trust agreement expressly provides that the trust shall terminate at the expiration of twenty-one years after the death of the settlor.

■ ■ Defendant insists that the settlor's intention to postpone the distribution for reasons personal to the beneficiaries is manifested by the provision of the trust agreement which requires all of the beneficiaries to consent in writing in order to terminate the trust at an earlier date. We think this contention is untenable. It would seem unlikely that the settlor would have placed the power in the hands of the beneficiaries to sell the stock and thus terminate the trust at any time immediately after the death of the settlor if he had not intended the remainder to vest. In our view this interpretation is consonant with the law which favors the vesting of remainders. (*Peadro v. Peadro*, 400 Ill. 482.) Moreover, this construction is strengthened by the provision of the trust agreement which directs the trustee to pay the income from the trust estate to the named beneficiaries in equal shares. A gift of the whole of the income from the trust estate vests the principal at the settlor's death. (*Armstrong v. Barber*, 239 Ill. 389; Carey and Schuyler, Illinois Law of Future Interests, sec. 324, p. 447.)

■ Defendant contends that the order of the probate court of Cook county, finding that the stock in question is not a part of the estate of Adela K. Ziska, is binding upon the defendants Otto J. Kralovec, Emil

G. Kralovec and Robert J. Kralovec. In support of his position defendant strongly relies on *Mosier v. Osborn*, 284 Ill. 141; *Ware v. Law*, 214 Ill. App. 8; and *In the Matter of Estate of Togneri*, 296 Ill. App. 33. An examination of the cases last cited shows that the facts are dissimilar and readily distinguishable from those in this case.

Plaintiff here was not a party to the proceeding in the probate court, nor was the trust agreement here involved before that court. The deceased Adela K. Ziska had a vested undivided one-fifth beneficial interest in the trust property. And in our opinion the doctrine of *res judicata* has no application.

For the reasons stated, the decree is affirmed.

*Decree affirmed.*

BURKE and KILEY, JJ., concur.