THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE

*v.*

FRANCIS V. BALCH, Trustee, *et al.*

*Opinion filed February 14, 1898.*

1. REMAINDERS—*remainder will be held vested unless a contrary intention appears.* The law always favors the vesting of remainders, and in construing a will a remainder will be held to be vested unless the testator's contrary intention is clearly manifested.

2. SAME—*contingent remainder is limited to dubious person or upon a dubious event.* A contingent remainder is one limited by the instrument creating it either to a person not yet ascertained or not yet in being, or is made to depend upon an uncertain or dubious event.

3. SAME—*uncertainty which marks a contingent remainder relates to right of enjoyment.* The uncertainty which distinguishes a contingent remainder is not whether the remainder-man will ever enjoy it, but whether there will ever be a right to such enjoyment.

4. SAME—*when remainder is vested.* A remainder is vested if, by words of express limitation, it is to take effect on the determination of a preceding particular estate and the person to take it is in being and ascertained.

5. SAME—*power of appointment in life tenant does not prevent remainder from vesting.* A power of appointment in the life tenant to dispose of the property, by will, in the family, does not prevent the remainder from vesting, as in such case the remainder vests subject to being divested by the exercise of the power.

6. SAME—*remainder may vest subject to power in trustee to merge life estate in fee.* Where a remainder would otherwise be vested, the existence of a power in the trustee to merge the life estate in the fee by paying over the trust estate to the life tenant in such sums and at such times as the trustee may deem expedient does not render the remainder contingent, although the testator uses the word "if," in referring to the non-exercise of the power.

7. WILLS—*clause of will construed as vesting remainder.* A bequest of a share of the testator's estate to his son in trust, with power to the trustee to pay over the trust estate to the son if expedient, and with power to the latter to dispose of the same, by will, in the family, the amount undisposed of at his death to pass to other named children of the testator in being and having present capacity to take, creates an equitable life estate in the son with a vested remainder in the other children, subject to the powers given.

8. SAME—*when vesting of interest is not postponed until time of distribution.* Where distribution is postponed for the convenience of the

fund, as, to let in a prior gift for life to another, the vesting of the remainder is not postponed until the time of distribution.

9. SAME—*when residuary bequest will not operate as exercise of power of appointment.* · Property devised to a person in trust for life, and at his death to such persons as he might, in writing, direct, does not pass under a residuary clause in a will made by such devisee, which neither refers to the power or the subject thereof, nor indicates any intention on the part of the testator to act thereunder.

APPEAL from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

WILLIAMS, HOLT & WHEELER, for appellant:

When the event on which the preceding estate is limited must happen, and when it also may happen before the expiration of the estate limited in remainder, that remainder is vested. . It is also vested when it is vested in a person *in esse* and ascertained, to take effect by words of express limitation on the determination of the preceding particular estate. · *Scofield* v. *Olcott*, 120 Ill. 371.

Whether a remainder is vested or contingent is not affected by the power of sale conferred by the will, either on the life tenant or on the executor. If the power is so exercised as to dispose of all the estate, nothing may be left to go to the remainder-man. But the remainder is not made contingent, because it is uncertain whether the power will be exercised. *Walker* v. *Pritchard*, 121 Ill. 221; 1 Jarman on Wills, (Bigelow's 6th ed.) 378, and notes; *Burleigh* v. *Clough*, 52 N. H. 267; 4 Kent's Com. 204; *Railsback* v. *Lovejoy*, 116 Ill. 442; *Ducker* v. *Burnham*, 146 id. 9; *Scofield* v. *Olcott*, 120 id. 362.

The law favors the vesting of estates, and will construe the terms of a will as creating a vested estate, if possible. *Scofield* v. *Olcott*, 120 Ill. 362; *Kellett* v. *Shepard*, 139 id. 433.

In many cases the remainder has been held to be vested, although the testator had himself provided for the issue of the legatee by substitution. *McArthur* v. *Scott*,

113 U. S. 340; *Gibbens* v. *Gibbens*, 140 Mass. 102; *Darling* v. *Blanchard*, 109 id. 176.

Where the payment, distribution or division is postponed for the convenience of the fund or property, as, for instance, to let in a prior gift for life to another, the estate will be vested, and not contingent. *Ducker* v. *Burnham*, 146 Ill. 24; *Reed's Appeal*, 118 Pa. St. 215.

All contingent estates of inheritance, as well as springing and executory uses, and possibilities coupled with an interest, where the person to take is certain, are transmissible by descent, and are devisable and assignable. *Santa Clara Academy* v. *Sullivan*, 116 Ill. 391.

A general residuary devise will operate as an execution of a power to dispose of property by will, unless there is something to show that such was not the testator's intention. *Amory* v. *Meredith*, 7 Allen, 397; *Willard* v. *Ware*, 10 id. 253; *Bangs* v. *Smith*, 98 Mass. 270; *Sewall* v. *Wilmer*, 132 id. 131.

RUNNELLS & BURRY, for appellee Francis V. Balch:

A remainder is said to be vested where a present interest passes to a party to be enjoyed in the future, so that the estate is invariably fixed in a determinate person after the particular estate terminates, while a contingent remainder is one limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event. *Haward* v. *Peavey*, 128 Ill. 430.

If a limitation over depends upon an event which may not happen, the estate is contingent. *Farnam* v. *Farnam*, 53 Conn. 261; *Wilkinson* v. *Sherman*, 45 N. J. Eq. 413.

Future estates are contingent where the person to whom or the event upon which they are limited to take effect remains uncertain. *Beardsley* v. *Hotchkiss*, 96 N. Y. 203; *Crooke* v. *County of Kings*, 97 id. 449.

It is not uncertainty of enjoyment in the future, but uncertainty of right of enjoyment, that makes the difference between a vested and contingent interest. *Wiggin*

v. *Perkins,* 64 N. H. 36; *Crosby* v. *Crosby,* id. 77; *Kennard* v. *Kennard,* 63 id. 303.

When the gift is in a direction to pay at a future time, and the will does not indicate an intention to make a present gift, the remainder will be held contingent. *Farnam* v. *Farnam,* 53 Conn. 261; *Strode* v. *McCormick,* 158 Ill. 142; *Traver* v. *Schell,* 20 N. Y. 89; *Manice* v. *Manice,* 43 id. 303; *Warner* v. *Durent,* 76 id. 133; *Smith* v. *Edwards,* 88 id. 92; *Griffin* v. *Shepard,* 124 id. 70; *Crooke* v. *County of Kings,* 97 id. 421; *Beardsley* v. *Hotchkiss,* id. 203.

GEORGE F. WESTOVER, for appellees John H. Moriarty and Elizabeth L. H. Wood.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Francis V. Balch, trustee under the will of John Hancock, filed the bill in this case for construction of a provision of said will under which he had held property in trust for Franklin Hancock, and for instruction as to his duties as trustee, and partition of real estate so held in trust. The court decreed that appellant had no interest in the property, and this appeal was prosecuted.

John Hancock, of Boston, died April 1, 1859, leaving the will in question, dated April 1, 1857, and the controversy arises upon the following clause: "I give and bequeath one-fifth part of my estate to a trustee, upon trust, to invest the same and appropriate so much of the income thereof as he, in his discretion, shall think needful for the support of my son Franklin. It is my will that the trustee may pay over to my son his portion of my estate at such time and in such sums as he may deem expedient, desiring him to consult the interest and welfare of my son, and that my son, in case his portion of my estate is not paid to him as aforesaid, shall have power to dispose of the same, by will, in the family. I direct that at the decease of my son, if his portion of my estate should not

have been paid over to him as aforesaid, or if he shall not have disposed of the same by will, the whole sum remaining in the hands of the trustee shall be divided among my other children, to-wit, George, Charles Lowell, Elizabeth Lowell and Washington, in the same way, subject to the same trusts and powers upon which they, respectively, receive their portions of my estate. It is my will that my son may appoint his own trustee."

Charles Lowell Hancock, to whom a remainder was given by this provision of the will, died in 1890, in the lifetime of Franklin Hancock, before the expiration of the life estate, and left a will, by which, after other bequests, he devised and bequeathed the residue of his estate, real and personal, to appellant, providing that the Hancock professorship should be first amply provided for from time to time, and then the balance should be applied to the general purposes of the college. Franklin Hancock, the owner of the equitable life estate, afterward died, in 1893, intestate, without receiving any of the principal of his portion, and, having made no will, of course did not exercise his power to dispose of the same by will. The main question in this case is whether the remainder limited to Charles Lowell Hancock passed by his will to appellant; and if it was a vested one, there is no claim that it would not so pass although he died before the termination of the life estate.

The law always gives preference to vested remainders, and a remainder will be held to be vested unless a condition precedent to its vesting is clearly expressed. In construing wills a remainder will be held to be vested unless a contrary intention on the part of the testator is clearly manifested. (4 Kent's Com. 204; *Scofield* v. *Olcott*, 120 Ill. 362; *Kellett* v. *Shepard*, 139 id. 433; *Ducker* v. *Burnham*, 146 id. 9.) A contingent remainder is one that is limited to take effect either to a dubious or uncertain person or upon a dubious or uncertain event. It is limited by the instrument creating it, either to a person not

yet ascertained or not in being, or so as to depend upon a dubious and uncertain event which may never happen. (2 Blackstone's Com. 169; 4 Kent's Com. 406.) It is an estate which is not ready, from its commencement to its end, to come into possession at any moment when the prior estate may happen to end, and if it is at any time ready to come into such possession it becomes a vested remainder. The uncertainty which distinguishes it is not the uncertainty whether the remainder-man will ever enjoy it, but the uncertainty whether there will ever be a right to such enjoyment. If the person to take a remainder is *in esse* and ascertained, and it is to take effect by words of express limitation on the determination of the preceding particular estate, it will be vested. *Scofield* v. *Olcott, supra.*

Here, so far as the will itself is concerned, the legal title is given to the trustee and the equitable life estate to Franklin Hancock, with remainder to the four children, among whom was Charles Lowell Hancock. These persons to whom the remainder was given were determined and in being, and had a present capacity of taking the estate in remainder at the death of John Hancock, if the life estate in Franklin had then terminated. There was no uncertainty as to who should take the remainder, and it was not limited to dubious or uncertain persons. So, also, the time when the remainder would come into possession unless divested was one which must necessarily occur in the efflux of time. It is true that in the will there is a provision that the trustee or Franklin might exercise a power which would divest the remainder. The power conferred upon Franklin was to dispose of the share in the family; but it is well settled that such a power of appointment does not prevent the vesting of an estate in default of an exercise of the power, and in such a case the estate vests subject to be divested by the execution of the power. There is no estate limited under the power until it is exercised and the appointment made,

and in default of the appointment the estate is vested
although the power exists.   There cannot be any doubt
that the power in Franklin to dispose of the share by will
in the family did not prevent the vesting of the remain-
der in Charles Lowell or render it contingent.   4 Kent's
Com. 324; 2 Sugden on Powers, chap. 2, sec. 4.

A further provision is, that the trustee might exercise
a power which would divest the remainder, which was
by paying over to Franklin his portion of the estate at
such time and in such sums as the trustee might deem
expedient.   This was a power to enlarge or increase the
estate in Franklin and merge the life estate in the fee.
This power given to the trustee is not different in its
nature or effect from the authority given Franklin to dis-
pose of the share in the family.   The one was a power to
give it to Franklin, and the other a power in him to be-
stow it upon some other member of the family.   We can
not see that it is material in whom the power was vested
or how it was to be exercised—whether by will or by
turning over the estate to Franklin.   If this power of the
trustee had been executed it would have converted the
life estate of Franklin into a fee in respect to any part
or so much of the estate as the trustee might have turned
over, and defeated the remainder in Charles Lowell to
that extent.   The mere conferring of the power, however,
did not operate as a limitation, and none would arise
until the power should be exercised.   Where a limitation
is only to be effected by the exercise of a power, there is
no limitation until the power is exercised, and the mere
fact of its existence does not suspend other provisions.
It is a nullity until raised by the execution of the power.
(Fearne on Contingent Remainders, 221.)   To be contin-
gent the remainder is to be dependent upon or await an
occurrence precedent to its vesting.   In *Railsback* v. *Love-
joy*, 116 Ill. 442, it was held that a power of sale during
the existence of a life estate had nothing whatever to do
with the vesting of the remainder, but that the estate

vested subject to the power. In *Ducker* v. *Burnham, supra,* it was said (p. 18): "Although a will creates a life estate with power to sell and convey the fee, it may at the same time limit a remainder after the termination of the life estate. Whether such remainder is vested or contingent is not affected by the power of sale conferred by the will either on the life tenant or on the executor. If the power is so exercised as to dispose of all the estate, nothing may be left to go to the remainder-man. But the remainder is not made contingent, because it is uncertain whether the power will be exercised. The remainder may vest subject to the power. There is a distinction between a power and a right of property. A power of disposition does not imply ownership, but is a mere authority conferred by the will." If, under the provision of the will, the remainder would vest and the existence of the power would not render it contingent, the mere use of the word "if" by the testator would not accomplish that result, and it cannot have any controlling effect.

It is also argued that where a gift is only by direction to divide or distribute an interest does not vest until the time of distribution arrives, and that for this reason the estate in Charles Lowell was not vested. There is, however, a well recognized exception to the rule where the division is postponed for the convenience of the fund or property, as, for the purpose of letting in a prior gift for life to another. In such a case the estate will be vested, and not contingent, and the vesting will not be deferred until the division. (*Scofield* v. *Olcott, supra; Ducker* v. *Burnham, supra.*) In this case the remainder was clearly postponed, by reason of the position and for the convenience of the fund, to let in the life estate to Franklin. The only reason why the four children named could not enter upon the enjoyment of the remainder was not because of anything personal to them, but because the property was given to Franklin during his life. The only object was to let in this life estate in Franklin, and whenever that

object was fulfilled and there was no further use for the fund to fulfill that object it was to pass to the other children, and it came within the exception to the rule.

The other interests are to be disposed of as follows: Washington survived Franklin, and one-fourth of that portion goes to him. George Hancock died leaving a will bequeathing all his property to Charles Lowell Hancock during his life, and then to go as Charles Lowell should in writing direct, and Charles Lowell directed the same to be paid to his three nieces, Elizabeth L. H. Wood, Mary E. Tilton and Delia P. Clegg, and his nephew, John H. Moriarty, in equal portions, and that interest now belongs to them. Elizabeth Lowell Hancock was married to Joseph Moriarty. She survived her husband and died in 1857, intestate, leaving three children, John H. Moriarty, Elizabeth L. H. Wood and Joseph M. Moriarty. The son Joseph M. Moriarty died leaving a will bequeathing his estate to Joseph O. Rutter as trustee, for the use of Charles Lowell Hancock during his life, and at his decease to such person or persons as he in writing might direct. It is claimed by appellant that the devise of the residue of his estate by Charles Lowell passed this interest, and that the general residuary clause is a good appointment under the will of Joseph M. Moriarty. There is nothing in the will which shows an intention to dispose of that property or to exercise the power conferred. The question whether the will of Charles Lowell would operate as an appointment under the will of Joseph M. Moriarty depends upon whether he intended to act under the power. The will of Charles Lowell was made before the will of Joseph M. Moriarty was probated, and there is nothing to show that Charles Lowell knew of the power. There being no reference to the subject of the power or to the power itself, and the intention to execute it not appearing in any way, it did not operate as an exercise of the power. (*Funk* v. *Eggleston*, 92 Ill. 515; 4 Kent's Com. 334; 1 Sugden on Powers, 356.) The interest of Joseph M.

Moriarty therefore passed as intestate estate, and is now vested in his brother, John H. Moriarty, and his sister, Elizabeth L. H. Wood.

The decree of the circuit court is reversed and the cause is remanded to that court, with directions to enter a decree in accordance with this opinion.

*Reversed and remanded.*