(No. 27708.—

John P. Murphy *et al.,* Appellees, *vs.* Emily M. Westhoff *et al.,* Appellants.

*Opinion filed March 21, 1944.*

LeForgee, Samuels & Miller, of Decatur, for appellants.

F. R. Wiley, of Decatur, for appellees.

Miles A. Tipsword, of Charleston, guardian *ad litem*.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Coles county. The decree from which the appeal was taken construed the last will and testament of Thomas M. Pendergast, also a trust deed executed by Kate E. Pendergast, and ordered the partition of certain real estate.

Thomas M. Pendergast died testate on July 1, 1931. At the time of his death he was the owner of three parcels of real estate, referred to in the record as tracts A, B, and C. He left surviving, Kate E. Pendergast, his widow, and Mary H. Murphy, Nelle M. Pendergast, and Emily Westhoff, his children, who were his only heirs-at-law. Kate E. Pendergast, the widow of testator, died intestate on March 2, 1942. Mary H. Murphy, one of the daughters, died intestate on April 20, 1936, and prior to the death of the widow of the testator. Mary H. Murphy left surviving, John P. Murphy, her husband, and John Thomas Murphy, her son, as her only heirs-at-law. Her surviving husband did not elect to take dower in her estate in the manner provided by the statute in force at that time.

After the death of Kate E. Pendergast, John P. Murphy and John Thomas Murphy, the surviving husband and son of Mary H. Murphy, filed the complaint in this case. By the complaint they prayed for a construction of the will of Thomas M. Pendergast and for the partition of the real estate owned by him at the time of his death. The complaint also asks for the termination of a certain trust created by Kate E. Pendergast in her lifetime, and for the partition of certain real estate constituting the subject matter of the trust. This real estate consists of two tracts of land, and is referred to in the record as tracts D and E. Nelle M. Pendergast and Emily M. Westhoff, together with a mortgagee and certain tenants of parts of the property involved, were named as defendants.

The decision of the case involves the construction of the third paragraph of the last will and testament of Thomas M. Pendergast, also the construction of a trust instrument executed by Kate E. Pendergast, in her lifetime.

The third paragraph of the will of Thomas M. Pendergast is as follows:

"I hereby devise all of the real estate I shall own at my death to my said wife for and during her life, with remainder to my children Mary H. Pendergast, Nelle M. Pendergast and Emily M. Pendergast in fee to be divided equally between them and in the event of the death of one of them or more then to the survivors or survivor of them."

It is the contention of appellants that by the language of this paragraph of the will, the testator, after giving his wife a life estate in all the real estate owned by him at the time of his death, devised the remainder to his three daughters, Mary H. Murphy, Nelle M. Pendergast and Emily Westhoff; that if any of said daughters survived him, but died prior to the death of his widow, the survivor or survivors of said daughters, living at the time of the death of his widow, were to take all of the said property, in fee. They further contend that the remainder interest devised to the daughters was contingent and did not vest until the termination of the life estate in the widow, and then vested only in the daughters who survived that event. They further contend that Mary H. Murphy, one of the daughters, having died prior to the termination of the life estate, title to all the lands passing under the will vested in the two daughters of the testator who survived the death of his widow, the life tenant. Under this construction appellants contend that Mary H. Murphy took no interest in the property because she died before the death of the life tenant; that she having no interest in the property, her surviving husband and son likewise had no interest therein.

Appellees contend that by the will the testator devised a life estate to his widow with the remainder in fee to his three daughters; that the remainder interests vested at the death of the testator; that only the possession and enjoyment was postponed during the continuance of the life estate; that under the will Mary H. Murphy took a one-third interest in fee at the death of her father, subject only to the life estate of the widow; that upon the death of Mary H. Murphy intestate, her one-third interest descended to her surviving husband and son under the Statute of Descent. The chancellor sustained the contention of appellees and entered a decree for partition, as prayed.

It will thus be seen that the rights of the parties in the real estate belonging to Thomas M. Pendergast, at the time of his death, depend upon whether title in fee vested in his three children at the time of his death, or whether such title passed only to the two of his children who survived his widow, the life tenant. The decisive question, therefore, on this branch of the case, is the time the estate in remainder vested under said paragraph of the will. The controlling consideration in construing a will is to discover and give effect to the intention of the testator as expressed in the will, if this can be done without contravening the established rules of law. *Mettler* v. *Warner,* 243 Ill. 600.

The rule is established by many authorities that estates devised will vest at the death of the testator, unless a later time for vesting is clearly indicated by the express words of the will, or is necessarily implied therefrom. *Hartwick* v. *Heberling,* 364 Ill. 523; *Northern Trust Co.* v. *Wheaton,* 249 Ill. 606; *Carter* v. *Carter,* 234 Ill. 507; *Knight* v. *Pottgieser,* 176 Ill. 368.) Where, in the construction of a will, there is doubt as to the point of time it was intended the estate should vest, the earliest will be taken. The law favors the early vesting of estates. It has long been the settled rule of construction that estates, legal or equitable,

given by will, should be regarded as vesting immediately unless the testator has, by very clear words, manifested an intention that they should be contingent on a future event. *Armstrong* v. *Barber,* 239 Ill. 389; *Grimmer* v. *Friederich,* 164 Ill. 245; *Kellett* v. *Shepard,* 139 Ill. 433.

In *Smith* v. *Chester,* 272 Ill. 428, it was said that if those upon whom the, will then devolves the title can be determined at the time of the death of the testator, their right to the estate will be deemed vested to take effect in possession at the termination of the intervening life estate. If the persons to take be dubious and cannot be known until the preceding estate becomes extinct, then the right and title are contingent and not vested. The courts are inclined to the construction that will declare the right and title to be vested and will so hold unless a contrary intention appears in the will. *Spengler* v. *Kuhn,* 212 Ill. 186.

A vested remainder is one which, throughout its continuance, gives to the remainderman, or his heirs, the right to the immediate possession whenever and however the preceding estate may determine. (*Smith* v. *Shepard,* 370 Ill. 491; *Lachenmyer* v. *Gehlbach,* 266 Ill. 11; *Brown* v. *Brown,* 247 Ill. 528; *Carter* v. *Carter,* 234 Ill. 507.) The rule is, that where property is devised *simpliciter* to one person and in case of his death to another, there being no circumstances of an uncertain nature with respect to such death, the death contemplated by the testator will be regarded as one occurring before his own death, and the devisee takes a fee. (*DeHaan* v. *DeHaan,* 309 Ill. 323.) In *Smith* v. *Shepard,* 370 Ill. 491, it was said that where by will an estate is devised to one person *simpliciter,* and in case of his death to another, the contingency of "his death" refers to the death of the devisee during the lifetime of the testator, and such devisee has an absolute estate in fee simple if he survives the testator. The same rule is announced in *Knight* v. *Knight,* 367 Ill. 646; *Evans* v. *Van-*

*Meter,* 320 Ill. 195; *Tomlin* v. *Laws,* 301 Ill. 616; *Williamson* v. *Carnes,* 284 Ill. 521; *Kohtz* v. *Eldred,* 208 Ill. 60; *Fishback* v. *Joesting,* 183 Ill. 463.

Here there is a gift by the testator to his wife for life, with remainder to his three children, naming them, "in fee." He then provided that in the event of the death of one of them, or more, "then to the survivors or survivor." Clearly, this is a gift of the remainder, in fee, to his three daughters. It is a gift *simpliciter.* It is in no sense contingent. It was an absolute gift of the remainder, in fee, to his three daughters, or in case of the death of one or more, to the survivors. The devise to the daughters was not contingent upon any uncertain event. The devise to them was a devise of the fee. Clearly, he intended that the daughters should take fee-simple title in the event they survived him. The gift to them was not postponed until the termination of the life estate. It was a devise of the fee outright, with no restrictions, and based upon no contingency. The three daughters did survive their father.

In the *Carter case* the court said: "There is no language in the will indicating an intention that the devise to the children should be contingent upon their surviving their mother. A contingent remainder is one limited to take effect either to an uncertain person or upon an uncertain event. It is limited by the instrument creating it either to a person not yet ascertained or not in being, or so as to depend upon an event which may never happen. It is an estate which is not ready to come into possession at any moment when the prior estate may end. On the other hand, if the estate is at any time ready to come into possession provided the prior estate should end, then it is a vested estate. Whenever the person who is to succeed to the estate in remainder is in being and is ascertained and the event which by express limitation will terminate the precedent estate is certain to happen, the remainder is vested. The uncertainty which distinguishes the con-

tingent from the vested remainder is not the uncertainty whether the remainder-man will live to enjoy the estate, but whether he will ever have the right to such enjoyment. (*Harvard College* v. *Balch,* 171 Ill. 275; *Hinrichsen* v. *Hinrichsen,* 172 id. 462; *Hawkins* v. *Bohling,* 168 id. 214; *Ducker* v. *Burnham,* 146 id. 9.)"

Here the three children to whom the remainder was devised were mentioned by name. They were in being and were ascertained. There was no uncertainty as to the persons who should take the remainder and they had a present capacity to take it at the death of the testator if the life estate to his widow had then terminated. Neither was there any uncertainty as to the time. The death of the widow was certain to happen and the particular estate would be thereby terminated. *Carter* v. *Carter,* 234 Ill. 507.

Applying the above rule to the language of the third paragraph of the will here involved, the conclusion is inescapable that the three children of Thomas M. Pendergast, upon his death, took a vested interest in remainder in fee in all of the real estate owned by him at that time.

The cases relied upon by appellants are cases in which there was not a gift *simpliciter.* In those cases the conclusion was reached that the remainders devised were contingent, or the will was held to vest only a base or determinable fee, or where the will itself clearly indicated that the title to the gifts over should not vest until the termination of the life estate. For instance, in the case of *Smith* v. *Shepard,* 370 Ill. 491, upon which appellants chiefly rely, the language of the will was: "To my beloved wife, Fredericka Zilm, if she survives me, I will, devise and bequeath all of my estate both real and personal which shall remain after the payment of my funeral expenses and the just claims against my estate, to have and to hold and the use, control, income and profits thereof to have and enjoy, for and during her natural life." The will then provided: "It is my will that upon the death of my said wife, all of

my estate then remaining shall be divided equally among my children, share and share alike, the descendants of any deceased child to take the parent's share." It is clear from the above language that the will in that case provided for the disposition of that portion of the estate remaining at the death of his wife and that the time of the division was the death of the wife. In the course of the opinion, the court said: "An examination of the language used by the testator in this case indicates that he wanted his wife, Fredericka, to have the use of all of his real estate and personal property during her life. He does not directly make any specific bequest or devise to the children; he simply provides that upon the death of his wife all of the estate then remaining shall be divided. By the directions to divide both real and personal property he classifies them on the same basis, and since he makes no provision for the widow's disposal of any of the principal of his estate when he makes use of the term that upon her death 'all of the estate then remaining shall be divided,' the language is subject to the construction that upon the death of his wife all of the estate remaining shall be then divided, since the personal property may be diminished in value or amount by depreciation, age, insolvency or other cause. When that time comes, the estate then remaining is to be divided among his children. He contemplates, however, a child may die, and so provides 'the descendants of any deceased child to take the parent's share.' When he refers to the division to take place at the death of the wife, the child's share of the amount then remaining can only be ascertained at the time of the death of the wife, and, in like manner, if the child is dead and the descendant is to take a parent's share, then the date of the actual division must be limited and ascertained by the death of the mother. The testator wanted the division among children, if alive, to be fixed by the mother's death, but he does not make a provision for a disposition of the child's share for a de-

ceased child, except where such deceased child leaves descendants." Those cases are not in conflict with the rule above announced.

It is our conclusion that by the third paragraph of his last will and testament, Thomas M. Pendergast devised to his three daughters all of the real estate owned by him at the time of his death, in fee, subject to the life estate of the widow; that the fee vested in the daughters at the time of the death of the testator and was not contingent upon all or either of said daughters surviving the life tenant.

Mary H. Murphy, having survived her father, at his death took a one-third interest in fee in all of the real estate owned by him. Only the possession and enjoyment was postponed until the death of the life tenant. The court below correctly construed the will in this respect.

The next question involves the construction of the deed or trust instrument, executed by Kate E. Pendergast on November 28, 1933. That instrument, in so far as material here, is as follows:

"1. The grantee (Trustee) herein shall provide for the care and support of the grantor, out of the income from the above described real estate during her life time and pay all of her burial expenses.

"2. The grantee (Trustee) shall keep all of the buildings on said real estate in good repair and insured for a reasonable amount, and shall pay all taxes and expenses thereon out of the proceeds derived from said real estate.

"3. This deed is made to said grantee (Trustee) in trust, for the uses and benefit of the grantor's children, Mary H. Murphy, formerly Pendergast, Nelle M. Pendergast, and Emily M. Westhoff, formerly Pendergast, who shall own said real estate as tenants in common in equal shares. Should either of my said children die without heirs of her body, then her or their share or shares shall become the property of the survivors; and at the death of either or any of my said children, should she or they have heirs of her or their body, the said heirs shall take their respective mother's share in fee simple."

The purposes of the trust are apparent. The grantor created the trust for the purpose of providing for her own care and support during her lifetime and the payment of her burial expenses after her death. For the purpose of preserving and protecting the property, she imposed upon the trustee the duty to keep the buildings in repair and insured, and to pay taxes and other expenses. She then declared in the instrument that it was made for the use and benefit of her three daughters who, she declared, should own the property as tenants in common, in equal shares. She further provided that should either of said children die without "heirs of her body," the share of such deceased should become the property of the survivors. She further declared that "at the death of either or any of my said children, should she or they have heirs of her or their body, the said heirs shall take their respective mother's share in fee simple."

The controversy here between appellants and appellees, is whether, upon the death of Mary H. Murphy, her interest in the property under the trust instrument vested in her two surviving sisters. The controversy as between John P. Murphy and John Thomas Murphy on the cross appeal, is whether the interest of Mary H. Murphy, in the trust property, at her death, descended to her heirs, or whether her son John Thomas Murphy took title thereto under the trust instrument. If she was possessed of an inheritable estate in the trust property, then, of course, it descended to her son and her surviving husband, as her heirs-at-law. If she was not possessed of an inheritable estate and her interest in the trust property vested in her son upon her death, obviously her surviving husband has no interest therein.

The trial court decreed that under the trust instrument the three children of the creator of the trust, named therein, each took a life estate in a one-third interest with the re-

mainders in fee simple absolute in the heirs of her body, and with remainders to the survivors of them in the event either should die without having had heirs of her body.

It seems clear from the language of the third paragraph of the trust instrument that the creator of the trust did not intend that her children, named therein, should take an inheritable estate. When all of the language of said paragraph is considered together, it is clear. It is true that she first declared in said paragraph that the trust was created for their use and benefit, and that they should own the property as tenants in common in equal shares. This language, however, is followed immediately by the provision that in case of the death of either of said children without heirs of her body, the share of such deceased daughter should become the property of the survivors, but in case of the death of either, leaving heirs of her body, then said heirs should take their respective mother's share. Clearly, this was a gift over to the survivors in the event either should die without issue. It is equally clear that in case either of said daughters should die leaving heirs of her body, it was a gift over to such heirs of their deceased mother's share, in fee simple.

While the first sentence of the paragraph, standing alone, indicates that she intended to convey the whole title to her three daughters, this is followed by the gift over in case of the death of either. The effect of the gift over was to limit the estate granted to the daughters to a life estate. When the entire paragraph is read together, it was obviously the intention of the grantor that the property should never descend to the heirs, generally, of her daughters. She first provided that in case of the death of either, without leaving heirs of her body, it should go to the survivors. She then provided, with equal clarity, that in case of the death of one or more of her daughters, leaving heirs

of her body, such heirs should take their mother's share, in fee simple.

Taking all of the language of the instrument into consideration, it is clear that the intent and purpose expressed in the trust instrument was, that the daughters, in no event, should take a greater interest than a life estate; that at the death of either, leaving heirs of her body, the fee-simple title to the share given to her for life, should vest in such heirs. The trial court, therefore, correctly construed the trust instrument as vesting in each of the daughters a life estate, subject to the trust, with the remainder in fee simple absolute to the heirs of her body, or if either should die without heirs of her body, then to the survivor, or survivors.

Under this construction John Thomas Murphy, the son of Mary H. Murphy, deceased, upon her death, became vested with fee-simple title to a one-third interest in tracts D and E, the real estate included in the trust. John P. Murphy, her surviving husband, took no interest therein for the reason that she owned no inheritable interest at the time of her death. The purpose of the trust being the care and support of the creator of the trust, and the payment of her burial expenses, and that having been accomplished, the court correctly decreed that the trust terminated upon the death of Kate E. Pendergast. *Hazlett* v. *Moore,* 372 Ill. 192; *Wayman* v. *Follansbee,* 253 Ill. 602; *Fox* v. *Fox,* 250 Ill. 384.

This conclusion disposes of all questions on the cross appeal, as well as on the appeal.

The decree of the circuit court of Coles county is correct, and that decree is affirmed.

*Decree affirmed.*