(No. 36354.

MILDRED R. CAZEL *et al.,* Appellants, *vs.* MELLVILLE HOWARD CAZEL *et al.,* Appellees.

*Opinion filed June 14, 1961.*

DWIGHT H. DOSS, of Monticello, and LEFORGEE, SAMUELS, MILLER, SCHROEDER & JACKSON, of Decatur, for appellants.

340

White & White, and Robert F. White, both of Sullivan, for appellees.

Mr. Justice Hershey delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Moultrie County sustaining the validity of a testamentary trust. The appeal is taken to this court as a considerable portion of the trust consists of real estate and a freehold is involved.

The facts are not in dispute. The trust in question is set forth in the will of Melville M. Zinkler, who died on January 1, 1959, a resident of Moultrie County. The will was admitted to probate on February 11, 1959. Zinkler's only heir was a daughter, Mildred R. Cazel.

In said will Ervin L. Jurgens was named executor and trustee. He refused to act as executor, and Mildred R. Cazel was appointed administrator with will annexed. Mildred R. Cazel, as an individual and as such administrator, and Ervin L. Jurgens, trustee, are plaintiff-appellants.

The defendants are the children of Mildred R. Cazel in being and also those who may be born in the future. These children, together with their mother, who is 46 years of age, are beneficiaries under the trust in question.

The trust estate consists of 160 acres of land in Moultrie County, a residence in St. Petersburg, Florida, a Ford car, $8400 in bank and savings and loan deposits, $2500 in insurance proceeds, $10,000 in stock and about $25,000 in grain and other personal property. The administration of the estate is still pending and the administrator has possession of all of the assets.

The provisions in reference to the trust are found in the paragraph designated as "Second" in the will. In substance it is provided therein that after the payment of debts and funeral expenses, all of the estate, including real, personal and mixed of every nature and description, is given to E. L.

Jurgens and his successors and assigns in trust. It there directs that it shall be the duty of the trustee to conserve all of the assets of the estate, keep the personal property invested in good and sufficient investments; also as to real estate the trustee is to pay all taxes and keep all necessary and proper repairs on said premises for the period of the trust, pay over annually or semi-annually the net rental of said premises to the testator's daughter, Mildred Cazel, for and during her natural life. It is also provided that the daughter may occupy or use said premises for herself, provided she pays the taxes thereon and keeps up the repairs.

The trustee is also given the power to lease the premises for mining and mineral purposes, and also is directed as to disposition of income from mining and mineral activities in reference to the allocation of the income and principal of the trust.

In the will we also find the following paragraph in reference to the trust: "If in the sole discretion of said trustee there shall at any time be insufficient income available from all sources fully to provide for the support, comfort, education and general welfare of any beneficiary to or for whom all or any part of the income hereunder is payable, the trustee in his sole discretion may distribute to or for the benefit of said beneficiary such portions of the trust estate of said trust as in his judgment shall be necessary or proper for such purposes."

It is further provided in the will that the provisions made in said will shall not be subject to any claims, legal or equitable, against said daughter, by her husband.

It is further provided that the daughter or any child born of her should have no authority or power to mortgage, sell or otherwise encumber the premises during the life of the trust and, further, that the daughter should have no power to make any contract concerning said real estate, other than to lease the same for a period not exceeding one year and the real estate or income therefrom should not be

liable for debts of the daughter or of any child born of her.

Finally we find the following paragraph in reference to the termination of the trust: "After the death of Mildred Cazell, this trust shall remain in force and effect until the youngest child born of Mildred Cazell shall reach the age of 21 years, after which time this trust shall terminate and the trustee shall turn over the principal of said trust fund and all earnings of accumulation then remaining in the hands of my said trustee or his successors in trust, to said child or children, share and share alike in equal shares with the issue of any deceased child to take the share of their deceased parent."

Originally the complaint filed in this cause was for the purpose "to declare the validity or invalidity of the alleged trust, and to declare the property to be testate or intestate property, and to make such other orders as may be necessary in the due and proper administration of the estate." Also embraced in the prayer was an alternative in which the court was requested to construe the will and give directions to the trustee as to his power, duties and obligations thereunder and also to direct the administrator as to her duties and obligations with reference to the existence of the testamentary trust. However, by amendment all elements of the prayer of the complaint were stricken, except that praying that the testamentary trust be adjudged invalid. As a result all that this court has before it is the determination of the validity of the trust alleged to be set out in the will.

The first contention of the appellants concerning the alleged trust in question here is that it is void because it is uncertain, incomplete and ambiguous. In support of this they say, first, that the trust instrument provides that the net rentals from the real estate are made payable to the testator's daughter Mildred Cazel during her natural life, but no provision is made for the distribution of the income from personal property to the daughter during her lifetime.

There is no contention that the income from the personal property will not be finally disposed of and distribution of the same made before the termination of the trust. No authority for this position is made by appellants except the case of *Tucker* v. *Countryman,* 414 Ill. 215. An examination of this case, which will be more fully discussed in reference to some of the other points made by appellants, discloses that the same does not tend to prove the position of the appellants. Suffice it to say that in that case there was a complete failure of the creator of the trust to dispose of all the property of which he died seized in the trust, and because of this failure and for other reasons said trust was held invalid. Such is not true in the present case, and therefore it in no way supports the position of the appellant.

The second contention of the appellant that the trust is ambiguous, uncertain and incomplete in that the trust fails to provide for the payment of any income from either real or personal property to any beneficiary after the death of Mildred Cazel and before the youngest of her children reaches 21 years of age. This statement in itself is not true, in our opinion. One of the provisions of said will is: "If in the sole discretion of said trustee there shall at any time be insufficient income available from all sources fully to provide for the support, comfort, education and general welfare of any beneficiary to or for whom all or any part of the income hereunder is payable, the trustee in his sole discretion may distribute to or for the benefit of said beneficiary such portions of the trust estate of said trust as in his judgment shall be necessary or proper for such purposes."

Certainly under this provision the trustee does, under certain circumstances, have the right to distribute some portion of the income, which by the terms of such provision is not limited to real estate income, before the time for the termination of the estate, being as set forth in said will, when the youngest children of Mildred Cazel shall reach the age of 21 years. The appellants take the position that

under no condition could this apply to any income beneficiary except the wife, Mildred Cazel. The circumstances under which income may be paid and the persons to whom it is payable might well be the proper subject of a suit for the construction of the will, but, inasmuch as no construction is requested here, the decision in this case does not require an opinion on this question, and we therefore refrain from deciding this question. The fact, however, that some construction of the terms of the will may be necessary is not a sufficient basis for declaring the trust invalid.

In contending further that the trust is ambiguous, the appellants call attention to the fact that the testator provided in his will that after the death of Mildred Cazel the trust is to remain in effect until her youngest child reaches 21 years of age "after which time this trust shall terminate and the trustee shall turn over the principal of said trust fund together with all earnings of accumulation * * * to said child or children, share and share alike in equal shares with the issue of any deceased child to take the share of their deceased parent." As a result of the above provision it is asserted that there is a failure of the purported trust to make any provision for the situation where a child of Mildred Cazel dies without issue or dies before the youngest reaches age 21. Along the same line, appellants assert that the trust fails to provide for any termination in the event that the youngest child of the life beneficiary dies before reaching 21 years of age.

We disagree with these contentions of the appellants. We have here a trust of definite duration, namely until the youngest child of the life beneficiary reaches 21 years. This record discloses that said beneficiary now has four living children whose ages are 20, 18, 17 and 15, respectively. The appellant asserts that because a contingency may arise in the future to make the trust uncertain, this trust is not valid. In the case of *Orr* v. *Yates,* 209 Ill. 222 on page 238 of the opinion this court used the following language in speaking

of the trust involved: "The duration of the trust is now definite and may never become uncertain. Certainly a court will not defeat the clearly expressed intention of a testator because a contingency may arise in the future which will render the trust uncertain." Therefore, the contention of the appellant that such trust is invalid for the foregoing reason is without merit.

Finally, the appellant contends that the testator in this case has expressed his intention too inadequately to be given effect as a testamentary trust and as a testamentary disposition must fail. In support of this position the appellant quotes and argues at great length from the case of *Tucker* v. *Countryman*, 414 Ill. 215. We have examined the cited case and would quote the language used by this court on page 220 of the opinion as follows: "To constitute a valid testamentary trust, it is essential that its material terms are certain. These terms include the subject matter or property embraced within the trust; the beneficiaries; the nature and quantity of interest which they are to have, and the manner in which the trust is to be performed. If any of these elements is not described within certainty, no trust is created. *Marble* v. *Marble*, 304 Ill. 229, 235; *Orr* v. *Yates*, 209 Ill. 222; *Snyder* v. *Snyder*, 280 Ill. 467."

With the above quotation in mind, let us examine the provisions in the case here and also those in the *Tucker case*. In both cases the testator intended to put all his property in trust. In the present case there is no question but that the testator actually did devise and bequeath his entire estate in trust and that ultimately a complete distribution of the entire trust estate and the income therefrom will be effected. An examination of the *Tucker case* discloses, however, that there 100 acres of the testator's real estate was inadvertently omitted from the trust. Thus 100 acres of land which the testator had intended to be part of the trust became intestate property, a result not contemplated by the testator. The testator had obviously contemplated

an equal distribution among his children. To give effect to the trust provisions would have led to an unequal distribution whereby one of the testator's sons would have received the income from 80 acres while the daughters, three of them, would have received the income from only 40 acres of land. Thus the underlying basis for our decision in the *Tucker case* was that to uphold the provisions of the trust under the circumstances then existing would have frustrated the real intention of the testator by leading to an unequal distribution. In the present case, the situation is exactly the opposite. Here it is clear that to declare the trust invalid would completely frustrate the intention of the testator. Under these circumstances the trust should be upheld unless the trust provisions of the will are so completely indefinite and ambiguous as to make it impossible to do so. We do not find that situation in this case. On the contrary, the essential terms necessary for the creation of a valid trust are certain. The property embraced in the trust is properly described and includes all the property of the testator; the identity of the beneficiaries is certain, and the nature of their interests is described. It is true that some of the trust provisions may not have been as felicitously or as precisely drafted as they might have been, and it is not unlikely that the trustee may, at some future time, have to apply to a court of equity for a construction of some of the provisions of the will. However, no construction is requested at this time. Suffice it to say that to give effect to this trust, even though some construction may ultimately be necessary, will reasonably carry out the intention of the testator, while to declare the trust invalid, as requested by the plaintiffs herein, would completely frustrate that intention. We find nothing to make the trust invalid.

The decree of the circuit court of Moultrie County is affirmed.

*Decree affirmed.*