William Joseph **BREAULT** and Bonnie Jo Ellen Kathryn Breault, Plaintiffs-Appellants,

v.

Harold L. **FEIGENHOLTZ** and Richard Dahm, individually and as executors and trustees under the Last Will and Testament of Kathryn M. Breault, deceased, Harold L. Feigenholtz, as Trustee and Eugene A. Busch, successor Trustee under the Last Will and Testament of Oscar J. Breault, deceased, Defendants-Appellees.

Irma Meyers, Little Sisters of the Poor of Chicago, St. Hedwig Industrial School for Girls, Polish Manual Training School for Boys, Estelle Angela Breault, Kenneth Breault and Wesley Memorial Hospital, a corporation, Defendants.

No. 15301.

United States Court of Appeals Seventh Circuit.

Feb. 21, 1966.

Rehearing Denied April 13, 1966.

Rehearing Denied April 13, 1966, (en banc).

John J. Yowell, G. Kent Yowell, Chicago, Ill., for appellants.

Claire T. Driscoll, Henry F. Tenney, Richard P. Fredo, Jacob Shamberg, Chicago, Ill., J. Glenn Shehee, Wheaton, Ill., Hirsch E. Soble, Chicago, Ill., for appellees.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and GRUBB, Senior District Judge.

CASTLE, Circuit Judge.

William Joseph Breault and Bonnie Jo Ellen Kathryn Breault, the plaintiffs-appellants, brought this diversity action in the District Court seeking a declaratory judgment as to their rights as heirs of their grandmother, Kathryn M. Breault, deceased and as heirs of their father, Oscar J. Breault, deceased, whose will they were contesting in an earlier filed and pending diversity action. Plaintiffs also sought an accounting, based on such declaration of rights, from the defendants-appellees, Harold L. Feigenholtz and Richard Dahm, the executors and trustees under the will of Kathryn, with respect to the assets and income of Brolite Company, the stock of which was owned by Kathryn and was part of the corpus of a testamentary trust created by Kathryn's will.

Other defendants-appellees are Feigenholtz as executor and as trustee, and Eugene A. Busch as successor trustee, under the will of Oscar J. Breault. Additional defendants include Oscar's widow, Estelle Angela Breault, Oscar's son by his first wife, Kenneth Breault, and certain charities named in the wills.

The cause was tried as to Count I, which seeks the declaratory relief, on a stipulation of facts, by the Court without a jury.

While the matter was under advisement all of the beneficially interested defendants entered into a settlement agreement with respect to the declaratory judgment action and the related will contest. Plaintiff's petition for approval of the settlement agreement was objected to by the defendant-appellee executors and trustees and was denied by the court on the basis of lack of jurisdiction or authority to terminate the spendthrift trust of which plaintiffs were the beneficiaries under the purported will of Oscar.

Thereafter the court filed a memorandum opinion incorporating its findings of fact and conclusions of law and entered a judgment order decreeing and declaring, in effect, that the trust provisions of the purported will of Oscar were valid; that irrespective of the validity of the probated instrument as the will of Oscar (it being under attack in the pending will contest action as the product of undue influence on the part of Feigenholtz) plaintiffs are entitled to nothing as heirs of Kathryn; and in view of this conclusion dismissing Count II on the ground plaintiffs had no right to the accounting sought therein.

Plaintiffs appealed and assert that the court erred in refusing to approve the settlement agreement, in the declaration of rights made, and in denying plaintiffs the accounting they sought.

Kathryn M. Breault died testate on August 3, 1952. At the time of her death her only heir-at-law was her son, Oscar J. Breault, who was then married to Florence B. Breault. The plaintiffs-appellants are children of the marriage of Oscar and Florence. Defendant Kenneth Breault is a son of Oscar by a prior marriage. Subsequent to Kathryn's death Oscar and Florence were divorced. Oscar then married Estelle Angela Breault.

Kathryn's will, after a specific legacy to Irma Meyers, which has been paid and with respect to which no question is involved herein, gave the very substantial residue of her estate to defendants-appellees Feigenholtz and Dahm as her testamentary trustees. The will created a spendthrift trust for the benefit of Oscar and provided that he should receive the net income from the trust estate quarter annually during his lifetime. The will further provided:

"Upon the death of my son, Oscar J. Breault, the property of the Trust Estate shall be distributed according to the provisions and terms of the Last Will and Testament of my said son, Oscar J. Breault, and if he shall fail to execute a Will, or if such Will shall not be admitted to probate, I hereby direct distribution of the said Trust Estate in the following manner:

One-third (⅓) thereof to the Little Sisters of The Poor of Chicago.

One-third (⅓) thereof to the St. Hedwig Industrial School for Girls, 7135 N. Harlem Avenue, Niles, Illinois.

One-third (⅓) thereof to the Polish Manual Training School For Boys, 7135 No. Harlem Avenue, Niles, Illinois."

Oscar died on July 16, 1959. In the instrument admitted to probate as his last will and testament, but which is the subject of the will contest action pending in the District Court, defendant-appellee Feigenholtz was named as executor, and after a direction that debts and taxes be first paid, the rest, residue and remainder of the testator's property belonging to him at the time of his death "or over which I have the power of disposition" was given to Feigenholtz, and his successor or successors, as testamentary trustee with direction to pay the net income from the trust estate to the testator's wife, Estelle Angela Breault, for and during her lifetime. It was further provided:

"(c) Upon the death of my wife the Trustee shall distribute the net income from the Trust Estate to my beloved children, Kenneth Breault, William Joseph Breault and Bonnie Catherine Breault, in equal installments not less frequently than quarter-annually up to the time that the youngest of my surviving children

shall have attained the age of forty (40) years.

(d) At the date that the youngest of my surviving children shall have attained the age of forty (40) years, the Trustee shall distribute the remaining principal of the Trust as follows:

1. To my beloved child, Kenneth Breault, five per cent (5%) of my trust estate.

2. To my beloved child, William Joseph Breault, five per cent (5%) of my Trust Estate.

3. To my beloved child, Bonnie Catherine Breault, five per cent (5%) of my Trust Estate.

4. To the Wesley Memorial Hospital, an eleemosynary institution, eighty-five per cent (85%) of my Trust Estate.

(e) In the event one of my beloved children predecease me, or dies prior to the distribution of the principal of the Trust Estate, then and in that event his or her portion of the income or principal of the Trust Estate shall be then divided among my remaining children.

(f) In the event all of my beloved children shall die prior to the age of forty (40) years, this Trust shall terminate and the entire principal and accumulations of the Trust shall be forthwith distributed to the Wesley Memorial Hospital, an eleemosynary institution.

(g) I hereby direct and provide that no part of the corpus of said Trust Estate hereinbefore created for the benefit of my three children, Kenneth Breault, William Joseph Breault and Bonnie Catherine Breault, shall ever be liable in any way for any debts that my said three children, Kenneth Breault, William Joseph Breault and Bonnie Catherine Breault, may at any time contract, or for any debts that they may have contracted, and shall never be liable for any other claim of any kind against them."

It is conceded that the provisions of the will for the benefit of Oscar's children, if valid, constitute a spendthrift trust. The payments and plan of distribution to be made under the proposed settlement agreement would terminate the spendthrift trust.

In related litigation, instituted on behalf of the plaintiffs-appellants, then minors, and culminating on appeal in a decision by the Illinois Supreme Court (In re Estate of Breault, 29 Ill.2d 165, 193 N.E.2d 824) it was held that the provisions of Oscar's will exercising his testamentary power of appointment over the property in Kathryn's testamentary trust did not constitute such trust property a part of Oscar's estate but that the appointee takes from the estate of the donor, Kathryn. It was further held that Oscar's estate was entitled to an accounting from Kathryn's trustee for the period extending between the date of the last trustee's report approved by Oscar in his lifetime, January 1, 1959, and the date of his death, July 16, 1959, and that in view of Feigenholtz's dual capacity the probate court properly appointed a special administrator to represent Oscar's estate for the purpose of receiving and participating in hearings upon such report.

Plaintiffs-appellants claim that the proposed settlement is not barred by the principle, recognized and followed by the Illinois courts, that the beneficiaries of a spendthrift trust may not by unanimous consent terminate the trust. They contend that such principle is inapplicable here because of the existence of a genuine controversy based on reasonable grounds both as to whether the instrument probated as the will of Oscar is invalid as the product of undue influence and as to the construction and validity of provisions of the wills of both Kathryn and Oscar.

On the merits, plaintiffs-appellants claim interests in the estates of Kathryn and Oscar as their heirs. In this connection they contend the District Court erred in rejecting their contentions that (a) Kathryn's gift to the three charities,

"if such will shall not be admitted to probate," violates the rule against perpetuities; (b) in any event, upon the entry of the order admitting to probate the instrument executed by Oscar and purporting to be his will, any interest which the three charities may have had in Kathryn's will was extinguished, and the charities not having appealed from such order or contested the will within the statutory time are barred from asserting any interest in the trust estate; (c) the provisions of the instrument purporting to exercise the power of appointment and to create a spendthrift trust providing for its final distribution "when the youngest of my surviving children shall have attained the age of forty (40) years" when read into Kathryn's will violates the rule against perpetuities in that it was possible at Oscar's death for him to be survived by a posthumous child; and (d) the provisions of Oscar's purported will create an invalid trust in that the interests are uncertain and it is possible for the trust to continue in perpetuity. It is on the basis of these contentions that plaintiffs claim there is intestacy with respect to the trust assets of Kathryn's estate remaining after Oscar's death and that plaintiffs are entitled to interests in Kathryn's trust estate and in the intestate estate of Oscar as heirs.

Plaintiffs-appellants claim to the accounting sought in Count II is predicated on their contention that they are entitled to interests in the trust assets and income derived therefrom as heirs of Kathryn and Oscar.

The District Court's refusal to approve the proposed settlement agreement is in our opinion fully supported by Altemeier v. Harris, 403 Ill. 345, 86 N.E.2d 229. *Altemeier* involved a trust with "spendthrift provisions for the protection of the beneficiaries" (403 Ill. 345, 350 and 352, 86 N.E.2d 229, 233). The family-settlement agreement there proposed made substantial changes in the disposition of the property and a spendthrift provision with respect to the support of the testator's grandchildren or their descendants

was absolutely abrogated. The Illinois Supreme Court affirmed a reversal of the trial court's approval of the settlement. The court distinguished Wolf v. Uhlemann, 325 Ill. 165, 156 N.E. 334, and similar cases applying the family-settlement doctrine, with the observation that in those cases "no spendthrift provisions [were] changed or set aside" (403 Ill. 345, 351, 86 N.E.2d 229, 233). Although analysis of *Altemeier* discloses that additional reasons were given for the result reached it is clear that the presence of an attempted termination and destruction of the spendthrift trust by the unanimous consent of the beneficiaries is a part of the *rationale* upon which the decision is based. In this connection it is stated (403 Ill. 345, 355, 86 N.E.2d 229, 235) that:

"We have thus enumerated a number of principles applicable to the will and the litigation in this case, because none of them were adverted to or mentioned in the family-settlement cases. Nor is there any indication, in the family-settlement cases, that, were the conditions thus enumerated present, the result would have been the same. In view of the foregoing, we are of the opinion that the object and purpose of a trust created by a will cannot be varied or terminated unless the purpose of the trust is accomplished, nor can such a trust be terminated by unanimous consent where it contains spendthrift provisions or where contingent interests cannot be definitely ascertained. All three of these conditions exist in the instant case."

and the court in concluding (403 Ill. 345, 357, 86 N.E.2d 229, 236) said:

"We are fully in accord with the decision of the Appellate Court that the appellants have not brought themselves into a position where they can take advantage of the family-settlement doctrine; * * *".

█ From the foregoing it is apparent that plaintiffs' reliance on Wolf v. Uhlemann, is misplaced. Other deci-

sions cited by plaintiffs include Stein v. LaSalle National Bank, 328 Ill.App. 3, 65 N.E.2d 216; Thorne v. Continental Illinois National Bank & Trust Co., 18 Ill.App.2d 163, 151 N.E.2d 398; and Tree v. Continental Illinois National Bank & Trust Co., 346 Ill.App. 509, 105 N.E.2d 324. In Stein approval to terminate a spendthrift trust and make distribution was denied and many of the considerations the plaintiffs advance here were rejected. In *Thorne* the spendthrift trust clauses were not struck down or destroyed. There was but an invasion of the corpus for settlement purposes, compatible with *Altemeier*. In *Tree* the court reversed the trial court's approval of a family-settlement agreement terminating a spendthrift trust as being in violation of the *Altemeier* rule. Insofar as *Tree* indicates that such a trust could be abrogated under the family-settlement doctrine if there was substantial doubt as to its validity it appears to be inconsistent with the rationale of *Altemeier* and must be rejected as out of harmony with the controlling Illinois Supreme Court precedent. Moreover, it is not without significance that the only doubts as to validity in the instant case are raised by the beneficiaries who seek to terminate the spendthrift trust by unanimous consent by invoking the family-settlement doctrine for the self-serving purpose of solving the controversy they have created.

We conclude, on this phase of the appeal, that the District Court did not err in refusing to approve the proposed settlement agreement. We turn to consideration of the plaintiffs' contentions in support of their claim that the court erred in its declarations on the merits.

■■■ Kathryn devised and bequeathed the bulk of her estate to her trustees for the benefit of Oscar during his lifetime and bestowed upon him a general testamentary power of appointment and "if he shall fail to execute a will, or if such will shall not be admitted to probate" directed distribution of the trust estate in equal shares to three charities. We agree with the District Court's conclusion that the remainder to the charities was not contingent but was vested in the three charities upon Kathryn's death, subject to divestiture should Oscar effectively exercise the power of testamentary disposition granted him by Kathryn's will. In this connection President, etc., Harvard College v. Balch, 171 Ill. 275, 49 N.E. 543, is a controlling Illinois precedent. In that case John Hancock died leaving a will giving one-fifth of his estate to a trustee for the benefit of his son, Franklin, for life, authorizing the trustee to pay Franklin such sums as the trustee deemed expedient, and bestowing upon Franklin the power to dispose of said portion by will, in the family. The will further provided that "if he shall not have disposed of the same by will", the trust property should be divided among the testator's other children, George, Charles, Elizabeth and Washington. Charles, to whom a remainder was given by this provision, died in the lifetime of Franklin, leaving a will devising the residue of Charles' estate to Harvard College. Franklin died intestate, without having received any of the principal portion of his father's estate. The question arose whether the remainder limited to Charles passed by the latter's will to Harvard College, and whether it was vested. The court held that the remainder vested subject to the power, and since the power was not executed, the remainder passed by Charles' will to Harvard College. The court pointed out (171 Ill. 275, 281–282, 49 N. E. 543), that:

"There cannot be any doubt that the power in Franklin * * * did not prevent the vesting of the remainder * * * or render it contingent. * * * "

* * * * * *

"If, under the provision of the will, the remainder would vest, and the existence of the power would not render it contingent, the mere use of the word 'if' by the testator would not accomplish that result, and it cannot have any controlling effect."

And, a vested interest is not violative of the rule against perpetuities. Mettler v. Warner, 243 Ill. 600, 90 N.E. 1099.

 The conditions in the instant case relating to the exercise of the power are conditions subsequent, not precedent, to the vesting of the remainder in the charities. This accords with the Illinois rule favoring the immediate vesting of estates and interests unless the testator has clearly manifested an opposite intention. Murphy v. Westhoff, 386 Ill. 136, 140, 53 N.E.2d 931.

 We perceive no merit in plaintiffs' contention that the order admitting Oscar's will to probate served to extinguish any interest of the charities named in Kathryn's will, and that their failure to appeal from that order or to contest the will bars them from asserting any right to an interest in the trust estate. It is obvious that the divestiture of the vested interests of the three charities named in Kathryn's will required an *operative* exercise of the testamentary power of appointment by Oscar. If his will is set aside no divestiture occurs. That the will has been admitted to probate is of no controlling import. Its validity is being contested. In a will contest, the order of probate has no force or effect. Sternberg v. St. Louis Union Trust Co., 394 Ill. 452, 459, 68 N.E.2d 892, 896, 169 A.L.R. 545.

 Oscar's will after bequeathing the residue of his personal estate and Kathryn's trust estate to his testamentary trustee, directs that the net income be paid Estelle during her life, and upon her death in equal shares to his three named children until the youngest should reach 40 years of age, at which time the corpus is to be distributed to the three named children (5% to each) and to a charity (85%). In the event all of the children die prior to the age of 40 the charity is to receive the entire corpus. All of the beneficiaries and distributees were in being at the time of Kathryn's death.[1] There could be no violation of the rule against perpetuities. Tree v. Continental Illinois National Bank & Trust Co., 346 Ill.App. 509, 520, 521, 105 N.E.2d 324. The will directs distribution to three specifically named children, and not to a class. The possibility of Oscar's being survived by a posthumous child does not serve to precipitate a violation of the rule against perpetuities.

 Plaintiffs' argument that the exercise of the power contained in Oscar's will is invalid because of uncertainty is premised on its failure to make specific direction for disposition of the corpus in event Kenneth attains 40 and Bonnie, the youngest child, dies before 40, or in event Estelle, Kenneth, William and Bonnie should all die between the time when Kenneth attains the age of 40 and when Bonnie would attain the age of 40. In this connection plaintiffs rely upon the criteria as to certainty set forth in Tucker v. Countryman, 414 Ill. 215, 220–221, 111 N.E.2d 101, as prerequisite to the creation of a valid testamentary trust. But Cazel v. Cazel, 22 Ill.2d 339, 343–345, 175 N.E.2d 403, 405–407, which distinguishes *Tucker*, demonstrates that the general criteria prescribed in *Tucker* is not violated by contingencies such as those to which plaintiffs allude. In Cazel, the court held that a will leaving the testator's property to a trustee until the youngest child of the life beneficiary attained 21, the life beneficiary having four living children aged 20, 18, 17, and 15, respectively, would not be declared uncertain, where all the testator's property was embraced in the trust, and properly described, where the identity of the beneficiaries was certain, and where the nature of their interests was described. The court held that the possibility that contingencies might arise in the future which may render some of the trust provisions uncertain, and that the trustee may at some

---

1. The provisions made by Oscar, the donee of the power of appointment, are read back into the instrument creating the power. Northern Trust Co. v. Porter, 368 Ill. 256, 263, 13 N.E.2d 487; In re Estate of Breault, 29 Ill.2d 165, 174, 193 N.E.2d 824.

future time have to apply to a court of equity for a construction of some of the provisions, does not mean that the trust is void for uncertainty. The court, quoting from Orr v. Yates, 209 Ill. 222, 238, 70 N.E. 731, 736, pointed out:

"The duration of the trust is now definite, and may never become uncertain. Certainly a court will not defeat the clearly expressed intention of a testator because a contingency may arise in the future which will render the trust uncertain."

The plaintiffs sought no accounting to Oscar's estate but sought an accounting with respect to the assets of Kathryn's trust, including any accretions and undistributed income, to themselves as "heirs" of Kathryn and Oscar. The trial court's declaration of rights, adverse to plaintiffs' claim to rights in the trust property as "heirs" of Kathryn and Oscar, and in which declaration we find no error, required dismissal of Count II of plaintiffs' complaint. Plaintiffs have no right to the accounting sought therein.

The judgment orders appealed from are affirmed.

Affirmed.